GARY MICHAEL SLUDER, Plaintiff v. CHRISTINA B. SLUDER, Defendant

No. COA08-1188

(Filed 21 July 2009)

**Divorce— separation agreement—not acknowledged before certifying officer**

An agreement for support between separated spouses should have been evaluated pursuant to N.C.G.S. § 52-10.1 and was not enforceable because it was not acknowledged before a certifying officer.

Appeal by Plaintiff from judgment entered 27 May 2008 by Judge Gary S. Cash in District Court, Buncombe County. Heard in the Court of Appeals 5 May 2009.

*Siemens Law Office, P.A., by Jim Siemens, for plaintiff-appellant.*

*No brief was filed for defendant-appellee.*

WYNN, Judge.

In general, a written separation agreement is legally binding between husband and wife so long as the agreement is acknowledged by both parties before a certifying officer.[1] Here, Plaintiff Gary Michael Sluder handwrote and signed a statement that he would pay Defendant Christina B. Sluder $1000 per month in "post spousal support." Because the writing was made while the parties were separated and was not acknowledged before a certifying officer, the agreement was not enforceable under N.C. Gen. Stat. § 52-10.1.

Gary and Christina Sluder married on 14 May 1999, separated on 19 June 2004, and divorced on 30 December 2005. Before the entry of the divorce judgment, Christina filed *pro se* pleadings, which were dismissed by the trial court on 16 November 2006 for failure to assert a claim for equitable distribution or spousal support. However, the trial court allowed Christina's counterclaim for "Post-Separation Support based on contract."

In her counterclaim, Christina alleged that Gary agreed to give her $1,000 per month so that she would have the evidence of income she needed to rent an apartment for herself and her minor children.

---

1. N.C. Gen. Stat. § 52-10.1 (2007).

Christina provided the trial court with a statement to this effect, dated 10 January 2005, in Gary's handwriting, and with his signature. On 27 May 2008, the trial court heard evidence on the contract claim and entered judgment in favor of Christina, awarding her recovery from Gary in the amount of $11,000, or $1000 per month for eleven months.

Gary appeals, arguing that the trial court erred by concluding that the uncertified agreement between the parties was an enforceable agreement governed by N.C. Gen. Stat. § 52-10 (2007). Instead, he contends, their agreement concerned support rights made during separation which is governed by N.C. Gen. Stat. § 52-10.1. Because their agreement was not acknowledged by both parties before a certifying officer as required by section 52-10.1, Gary argues the agreement was unenforceable. We must agree.

"A separation agreement is a contract between spouses providing for marital support rights and . . . executed while the parties are separated or are planning to separate immediately." *Small v. Small*, 93 N.C. App. 614, 620, 379 S.E.2d 273, 277, *disc. review denied*, 325 N.C. 273, 384 S.E.2d 519 (1989) (internal quotation marks and citation omitted). Section 52-10.1 governs the execution of separation agreements stating:

Any married couple is hereby authorized to execute a separation agreement not inconsistent with public policy which shall be legal, valid, and binding in all respects; provided, that the separation agreement must be in writing and acknowledged by both parties before a certifying officer as defined in G.S. 52-10(b).

*See also Williams v. Williams*, 120 N.C. App. 707, 710, 463 S.E.2d 815, 818 (1995), *aff'd per curiam*, 343 N.C. 299, 469 S.E.2d 553 (1996) (holding support agreements made in the context of separation are governed by § 52-10.1).

In contrast, section 52-10(a) of the North Carolina General Statues states:

Contracts between husband and wife not inconsistent with public policy are valid, and any persons of full age about to be married and married persons may, with or without a valuable consideration, release and quitclaim such rights which they might respectively acquire or may have acquired by marriage in the property of each other; and such releases may be pleaded in bar

of any action or proceeding for the recovery of the rights and estate so released.

While both sections 52-10(a) and 52-10.1 govern agreements between spouses, our courts consistently have held that the statutes are distinguishable. Section 52-10(a) relates to the execution of agreements concerning rights in property that may be entered into at any time during marriage. *See Eubanks v. Eubanks*, 273 N.C. 189, 195, 159 S.E.2d 562, 567 (1968). On the other hand, section 52-10.1 relates to the execution of agreements concerning support rights made in contemplation of separation. *Williams*, 120 N.C. App. at 710, 463 S.E.2d at 818.

Here, the trial court made the following finding of fact and conclusions of law regarding the uncertified agreement between the parties:

7. In early January 2005, the Plaintiff agreed to give the defendant one thousand dollars ($1,000.00) per month so that the Defendant could have evidence of income she would need to rent an apartment for herself and her minor children.

. . .

1. Pursuant to G.S. 52-10 the Plaintiff owes the Defendant the sum of one thousand dollars (1,000.00 [sic] per month for a reasonable time after promising the Plaintiff that he would do so.

2. That a reasonable period of time for the Plaintiff to pay the Defendant one thousand dollars ($1,000.00) per month would be eleven (11) months.

Additionally, the record indicates that the alleged agreement, signed and in the handwriting of Gary, stated in full, "I Gary M. Sluder pay to my wife Christina, the sum of One Thousands Dollars a month in *post spousal support*" (emphasis added). According to the trial court's own findings, the parties separated on 19 June 2004; the agreement at issue was made in January 2005, while the parties were separated; and the agreement concerned post-separation spousal support. Accordingly, the agreement between Christina and Gary was a separation agreement for spousal support, and should have been evaluated by the trial court pursuant to section 52-10.1, which requires that a "separation agreement must be in writing and acknowledged by both parties before a certifying officer . . . ." *See also* N.C. Gen. Stat. § 52-10(b) (2007) (defining a "certifying officer" as "a notary public,

or a justice, judge, magistrate, clerk, assistant clerk or deputy clerk of the General Court of Justice").

Here, the record shows no evidence that the agreement was acknowledged by either party before a certifying officer. Absent acknowledgment by both parties, Christina and Gary, before a "certifying officer[,]" the agreement is invalid and not enforceable as a matter of law. *See Greene v. Greene*, 77 N.C. App. 821, 823, 336 S.E.2d 430, 432 (1985); *Morton v. Morton*, 76 N.C. App. 295, 298, 332 S.E.2d 736, 738, *cert. denied*, 314 N.C. 667, 337 S.E.2d 582 (1985).

In sum, we reverse the trial court's award of recovery to Christina because the agreement was invalid under N.C. Gen. Stat. § 52-10.1.

Reversed.

Judges JACKSON and HUNTER, JR. concur.