L. L. JENKINS v. THE GASTONIA COTTON MANUFACTURING COMPANY.

*Contract—Corporation — Void Contract—Ratification — Renting—Payment of Rent Evidence of Contract.*

1. A contract by a corporation in excess of $100 for the renting of premises not being in writing, and therefore being void under section 683 of *The Code*, could not be ratified by the occupation of the premises after the repeal of that statute.

2. Regular payments of rent, in the absence of an express agreement that the tenancy shall be at will, raise the presumption of a contract for a time certain, and therefore, when a corporation had rented premises from A from year to year, and upon purchase by B of the premises three days before the repeal of section 683 of *The Code*, had paid him the rent quarterly from the time of the sale to the 1st of October, 1893, and then surrendered the premises: *Held*, in an action by B for the rent of the last quarter of 1893, that there being no contract confining the tenancy to the quarter ending October 1, 1893, evidence of the occupation of the premises and regular payment of rents should have been submitted to the jury, with proper instructions, that they might determine the rights of the parties.

CIVIL ACTION, tried before *Boykin J.*, and a jury, at Spring Term, 1894, of LINCOLN Superior Court on appeal from a Justice of the Peace.

The plaintiff complained that the defendant was indebted to him in the sum of $90.25, and interest on the same from January 1, 1894, until paid, the same being due by contract for rent of two storerooms and office, from October 1, 1893, to January 1, 1894. The defendant denied the indebtedness ; and as a further defence the defendant alleged " that the contract sued on by the plaintiff involved and imposed upon the defendant a liability in favor of the plaintiff for a sum of money greater than one hundred dollars, and that said contract was not reduced to writing and signed by a duly authorized officer of said defendant, nor was the same under the seal of the defendant company, and that such

alleged contract is void under section 683 of *The Code* of North Carolina."

It was admitted that the defendant was a domestic corporation, conducting the business of manufacturing cotton yarns, and the sale of dry goods and groceries; that R. C. G. Love was at the time hereinafter referred to president of said corporation, and John Love was its secretary; that said corporation had leased from the Gastonia Hotel Company, another corporation, the two storerooms and office some three years before the premises were vacated by the defendant, and was, at the time of the sale of said premises to the plaintiff by said Hotel Company, which took place on the 13th day of February, 1893, in the possession of the same, and continued to occupy said premises up to, or a short time prior to, the 15th day of September, 1893, when the defendant vacated the premises and tendered the keys to the plaintiff October 1, 1893, which he refused to accept. That the defendant had paid the plaintiff rent for said premises, at the rate of $90.25 per quarter, from the time he purchased the same in February, 1893, up to the 1st day of October, 1893, and refused to pay rent after that time.

There was much testimony on both sides as to the contract between defendant and the Hotel Company, and the public sale of the premises, and announcement of the crier concerning the rights of the tenants. The sale took place two days after the repeal of section 683 of *The Code*, which required contracts with corporations by which a liability exceeding $100 might be incurred to be in writing, and plaintiff contended that the occupation of the premises by defendant, after said date, was evidence of a new contract of renting by the year, or at least for the balance of that year.

There was judgment for the defendant, and plaintiff appealed.

*Messrs. Jones & Tillett* and *D. W. Robinson,* for plaintiff (appellant).

*Messrs. Walker & Cansler,* for defendant.

MACRAE, J.: We do not deem it necessary to have the testimony set out in the case, for we have repeatedly considered the statute, section 683; and at this term in *Spence* v. *Cotton Mills,* we have held that such contract, not being in writing and in compliance with the statute, and being executory in its nature, was void and incapable of ratification. The plaintiff cannot, therefore, be aided by the principle laid down in *James* v. *Russell* that where one stands silently by and hears a contract made by him for another he is bound by it, for a void contract could not be ratified or continued.

But the defendant became the tenant of plaintiff on the 13th of February, 1894, and paid the rent to him by the quarter, as if the quarter had begun on the 1st of January, 1893. No special contract was made between the plaintiff and defendant, and we can have no light from the dealings between defendant and the former owner. Did this constitute defendant plaintiff's tenant up to January 1, 1894? Tenancies at will, are not favored, and regular payments of rent, there being no express agreement that the tenancy shall be at will raised the presumption of a contract for a time certain. " In the absence of words limiting or defining the nature of a tenancy, the principal test of a tenancy from year to year is whether there is a reservation of *annual rent,* or payment of, or an agreement to pay rent for such an aliquot part of a year, as monthly, quarterly or half-yearly, so that a presumption can be raised that the parties intended to create such a tenancy." 2 Wood Landlord and Tenant, 97; *Steadman* v. *McIntosh,* 4 Ired., 291. There was in this case evidence to show occupation and three quarterly payments, and no contract confining the tenancy to the quarter.

We are of opinion that this evidence should have been submitted to the jury, with proper instructions, that they might determine the rights of the parties.          New Trial.