JUDY CHEEK GREENE v. PARKER MAURICE GREENE

No. 8518DC408

(Filed 19 November 1985)

**Husband and Wife § 12— ineffectiveness of oral modification of separation agreement**

Modification of a separation agreement must be pursuant to the formalities and requirements of G.S. 52-10.1. Therefore, a separation agreement was not modified when plaintiff told defendant that she was making a wedding present to him upon his remarriage of all alimony payments due under their separation agreement, and defendant remained liable for the payments.

APPEAL by defendant from *Lowe, Judge*. Order entered 4 January 1985 in District Court, GUILFORD County. Heard in the Court of Appeals 29 October 1985.

Plaintiff commenced this action on 14 October 1983 alleging a failure by defendant to make alimony payments pursuant to a separation agreement and seeking sums allegedly due. The separation agreement provided that it would survive a divorce of the parties. The parties were in fact divorced in March 1980.

The trial court heard the matter without a jury on 17 September 1984. The trial court made the following findings based upon facts as admitted and upon the pleadings as stipulated by the parties:

1. This is a civil action brought by the plaintiff against the defendant for certain sums allegedly due under the terms of the Separation Agreement entered into between the parties on September 14, 1978, which provided that the defend-

ant would pay to the plaintiff the sum of One Hundred Dollars ($100.00) per month from the date of the Separation until the plaintiff should die or remarry.

2. That the defendant made the payments pursuant to the Agreement to and including June 6, 1980; that at that time all payments had been paid in full; and that there were no sums due the plaintiff under the terms of the Agreement.

3. That subsequent to June 6, 1980, and prior to the date of the next payment being due from the defendant to the plaintiff, the plaintiff and defendant had a conversation during which the plaintiff stated to the defendant that she knew he had remarried, that she did not desire that he make any more payments to her under the Agreement, that she was making him a wedding present of the payments, and that thereafter the defendant made no further payments to the plaintiff.

4. That on or about October 14, 1983, the plaintiff commenced this action against the defendant for the payment of the sums allegedly due subsequent to June, 1980.

Based on these facts the trial court made the following conclusions:

\*    \*    \*

2. That the plaintiff is estopped from claiming payment for any payments due from June 6, 1980, until October 14, 1983, and that the defendant has no obligation to make said payments to the plaintiff during said period.

3. That the defendant is obligated to make the payments due the plaintiff that fell due under the terms of the Agreement subsequent to October 14, 1983, pursuant to the terms of said Agreement.

Based on these findings and conclusions, the trial court ordered defendant to make all payments pursuant to the separation agreement due the plaintiff from 14 October 1983 and to continue such payments per the agreement until plaintiff dies or remarries.

From the order of the trial court, defendant appeals to this Court.

*Cahoon and Swisher, by Robert S. Cahoon, for plaintiff appellee.*

*Douglas, Ravenel, Hardy, Crihfield & Lung, by G. S. Crihfield and James W. Lung, for defendant appellant.*

ARNOLD, Judge.

The sole issue before this Court is whether the trial court properly concluded that defendant is obligated to make alimony payments due plaintiff after 14 October 1983 pursuant to the terms of the separation agreement. Defendant appellant contends that the facts found by the trial court require a conclusion of law that plaintiff orally made an inter vivos gift to defendant of all payments due under the agreement. Defendant therefore argues that in view of this gift, the trial court erred in ordering him to make payments after 14 October 1983. We disagree.

In North Carolina the modification of the original separation agreement must be pursuant to the formalities and requirements of G.S. 52-10.1. 2 R. Lee, *N.C. Family Law* § 199 (4th ed. 1980); *see also Smith v. Smith,* 225 N.C. 189, 196, 34 S.E. 2d 148, 152-153 (1945) (re modification of separation agreements pursuant to former G.S. 52-12). G.S. 52-10.1 requires that a separation agreement be in writing and acknowledged by both parties before a certifying officer, not a party to the contract, as defined by statute.

The trial court found that the attempt to make a gift of the alimony payments occurred in conversation between the parties, and defendant makes no objection to the court's findings. Such an attempt to orally modify the separation agreement fails to meet the formalities and requirements of G.S. 52-10.1. Therefore, the findings of the trial court would not support, much less require, a conclusion that the parties modified the separation agreement when plaintiff told defendant that she was making a wedding present of the payments under the agreement.

In short, the findings of the trial court support its conclusion that defendant is obligated to make the payments due plaintiff after 14 October 1983 pursuant to the terms of the agreement and the conclusions support the court's order. We therefore affirm the order of the trial court.

Affirmed.

Judges WELLS and PARKER concur.