TYSON, Judge.
 

 *468
 
 Thomas Michael Kelley ("Defendant") appeals from the trial court's denial of his motion for summary judgment. We address the merits of Defendant's interlocutory appeal as affecting a substantial right. We reverse the trial court's order and remand.
 

 I. Background
 

 Plaintiff and Defendant were married in 1982. They entered into a Separation and Property Settlement Agreement upon their separation in 1994 ("the 1994 agreement") and divorced in 1999.
 

 *772
 
 The 1994 agreement resolved issues of child support, alimony and property settlement, and waived further claims of the parties on the issues of alimony and equitable distribution. Article XXXI of the 1994 agreement is entitled "Modification and Waiver," and states, "[m]odification or waiver of any of the provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement." Both parties' signatures were affixed and notarized on the 1994 agreement.
 

 In 2003, approximately nine years after the parties separated and four years after their divorce, the parties purportedly signed a document entitled "Part 1 Provisions for Separation" ("the 2003 Amendment"). The 2003 Amendment is not notarized. Both parties were represented by counsel when the 1994 Amendment was executed, but no attorneys were involved on behalf of either party in the execution of the 2003 Amendment.
 

 On 11 July 2014, approximately eleven years after the parties had signed the 2003 Amendment, Plaintiff filed suit against Defendant and alleged breach of the 2003 Amendment. Defendant filed a motion for partial summary judgment, and raised,
 
 inter alia
 
 , the invalidity of the
 
 *469
 
 2003 Amendment. Plaintiff filed a cross-motion for summary judgment, which sought enforcement.
 

 The trial court heard the parties' arguments over two days and determined genuine issues of material fact existed concerning both parties' claims. The court denied both parties' motions for summary judgment. The order specifically states the court found the 2003 Amendment was "not void as a matter of law." This was the only specific finding made by the trial court. The trial court did not certify its order as immediately appealable under Rule 54(b). N.C. Gen. Stat. § 1A-1, Rule 54(b) (2015). Defendant appeals.
 

 II. Jurisdiction
 

 "Denial of summary judgment is interlocutory because it is not a judgment that 'disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.' "
 
 Snyder v. Learning Servs. Corp.
 
 ,
 
 187 N.C.App. 480
 
 , 482,
 
 653 S.E.2d 548
 
 , 550 (2007) (quoting
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 361-62,
 
 57 S.E.2d 377
 
 , 381,
 
 reh'g denied
 
 ,
 
 232 N.C. 744
 
 ,
 
 59 S.E.2d 429
 
 (1950) ). Defendant acknowledges his appeal is interlocutory, but argues the trial court's denial of his motion for summary judgment affects a substantial right and is immediately appealable under
 
 N.C. Gen. Stat. §§ 1-277
 
 and 7A-27(d). We agree.
 

 N.C. Gen. Stat. § 1-277
 
 provides:
 

 (a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session,
 
 which affects a substantial right claimed in any action or proceeding
 
 ; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.
 

 N.C. Gen. Stat. § 1-277
 
 (a) (2015) (emphasis supplied);
 
 see also
 
 N.C. Gen. Stat. § 7A-27(b)(3) (2015) (providing for an appeal of right from an interlocutory order which "[a]ffects a substantial right").
 

 Our Court has heard interlocutory appeals where a defendant was precluded from presenting affirmative defenses.
 
 See
 

 Faulconer v. Wysong & Miles Co.
 
 ,
 
 155 N.C.App. 598
 
 , 598-600,
 
 574 S.E.2d 688
 
 , 690 (2002) ;
 
 Estate of Harvey v. Kore-Kut, Inc.
 
 ,
 
 180 N.C.App. 195
 
 , 198,
 
 636 S.E.2d 210
 
 , 212 (2006) (noting that an order granting a motion to strike
 
 *470
 
 is interlocutory). Here, the trial court's order states: "The Court specifically finds that the contentions of Defendant that the modification to the separation agreement is void
 
 ab initio
 
 fail and that the Contract is not void as a matter of law." Defendant argues the order affects a substantial right, because the denial of his motion for summary judgment "strikes an entire defense." We agree.
 

 The trial court found genuine issues of material fact exist, which precluded summary judgment for either party. If the order had stopped there, there would be no need to review this order at this time on appeal. In fact, Plaintiff's counsel noted as much when the trial court was announcing the ruling and
 
 *773
 
 discussing the provisions of the order to be entered:
 

 [PLAINTIFF'S COUNSEL]: And, Your Honor, for the Appellate Court purposes, just so everybody's aware, I'm going to prepare both-denying both parties' motions for summary judgment because what Your Honor just ruled.
 

 THE COURT: In essence, yes.
 

 [PLAINTIFF'S COUNSEL]: And I'm going to do it the way the Court of Appeals yelled at me last time because I didn't do it and just say "Court finds there's genuine issue"-like just that statement and then that's it.
 

 We are unsure which case Plaintiff's counsel perceived that this Court "yelled" at him, and we doubt this Court intended to "yell." However, counsel is correct that an order denying summary judgment due to "genuine issue as to any material fact" should not include any "findings of fact."
 
 See
 

 Winston v. Livingstone Coll., Inc.
 
 ,
 
 210 N.C.App. 486
 
 , 487,
 
 707 S.E.2d 768
 
 , 769 (2011) ("The order of the trial court granting summary judgment contains findings of fact. The appellate courts of this state have on numerous occasions held that it is not proper to include findings of fact in an order granting summary judgment."); N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015).
 

 Here, however, the trial court specifically directed the denial of summary judgment order to include more, because "one issue ... controls all the others." The trial court directed that the order include a finding and conclusion that the 2003 Amendment was "not void as a matter of law":
 

 THE COURT: I'll keep my comments to just the one issue that I think controls all the others. I've already commented on what I think the other pieces are and issues that may or
 
 *471
 
 not exist. But I think all I need to really rule on is whether or not this is void as a matter of law.
 

 The Court finds that the contract is not void as a matter of law and, therefore, denies the Defendant's motion. I-I'm not going to rule in your favor, [Plaintiff], on the others. I think you were wanting me to make determinations I can't make. I guess, [Plaintiff's Counsel], you need to draft the order, make sure it's shared with [Defense Counsel] prior to being presented to me.
 

 ....
 

 THE COURT: Well, but I-I want it so it's-the issue's clear.
 

 [PLAINTIFF'S COUNSEL]: I'll say that it's not void.
 

 THE COURT: That it's-because that's the key, I think.
 

 The trial court was correct. Whether the 2003 Amendment is void is "the key," but by including this specific conclusion of law, although entitled a "finding" in the order, the trial court, in effect, ruled upon the primary legal issue in this case. In so doing essentially eliminated Defendant's defense to Plaintiff's claim. Because the trial court's order eliminated Defendant's defense to the purported validity of the 2003 Amendment, the order affects a substantial right and is immediately appealable.
 
 See
 

 Faulconer
 
 ,
 
 155 N.C.App. at 600
 
 ,
 
 574 S.E.2d at 690-91
 
 .
 

 Faulconer
 
 involved an action to enforce the terms of a contract.
 
 Id.
 
 at 599,
 
 574 S.E.2d at 690
 
 . The plaintiff-employee filed a complaint for breach of contract against his former employer, the defendant-employer, alleging he was entitled to various payments under their contract.
 
 Id.
 
 at 598-599,
 
 574 S.E.2d at 690
 
 . The defendant answered and raised several affirmative defenses. The plaintiff filed a motion to strike the affirmative defenses.
 
 Id.
 
 at 599-600,
 
 574 S.E.2d at 690
 
 . The trial court granted the motion to strike the defenses, and defendant appealed.
 
 Id.
 
 at 600,
 
 574 S.E.2d at 690
 
 .
 

 "[The] [d]efendant present[ed] the following question on appeal: Did the trial court err in granting plaintiff's motion to strike defendant's affirmative defenses?"
 

 Id.
 

 This Court determined the defendant's appeal was proper.
 

 Ordinarily, Rule 4(b) of the Rules of [Appellate Procedure] precludes an appeal from an order
 
 *472
 
 striking or denying a motion to strike allegations contained in pleadings. However, when a motion to strike an entire further answer or defense is granted, an immediate appeal is available since such motion is in substance a demurrer.
 

 *774
 

 Id.
 
 at 600,
 
 574 S.E.2d at
 
 690-91 (citing
 
 Bank v. Easton
 
 ,
 
 3 N.C.App. 414
 
 , 416,
 
 165 S.E.2d 252
 
 , 254 (1969) ) (internal quotation marks omitted).
 

 Our current rules of procedure no longer includes demurrers. As this Court noted in
 
 Cassels v. Ford Motor Co.
 
 :
 

 When Rule 7(e) [in 1967] abolished demurrers and decreed that pleas for insufficiency shall not be used it also abolished the concept of a defective statement of a good cause of action. Thus, generally speaking, the motion to dismiss under Rule 12(b)(6) may be successfully interposed to a complaint which states a defective claim or cause of action but not to one which was formerly labeled a defective statement of a good cause of action. For such complaint, as we have already noted, other provisions of Rule 12, the rules governing discovery, and the motion for summary judgment provide procedures adequate to supply information not furnished by the complaint.
 

 10 N.C.App. 51
 
 , 54-55,
 
 178 S.E.2d 12
 
 , 14 (1970) (quotation marks omitted);
 
 see
 
 N.C. Gen. Stat. § 1A-1, Rule 7(c) (2015) (noting 1967 as the year the rule was added). Although demurrers are no longer part of North Carolina's procedure,
 
 see
 

 id.
 

 our Court has continued to rely upon principles and reasoning contained in cases prior to 1967, and to rule at times that a trial court's order was "in substance a demurrer."
 
 Faulconer
 
 ,
 
 155 N.C.App. at 600
 
 ,
 
 574 S.E.2d at 691
 
 .
 

 Here, the trial court determined, "as a matter of law" that the 2003 Amendment did not need to be acknowledged before a certifying officer or notarized in order to be a valid and enforceable contract. Defendant's defense, that the 2003 Amendment is void because the original 1994 contract required any modifications or amendments thereto to be formally notarized was, in effect, stricken by the trial court's order. The summary judgment order implicitly determined a material issue later courts will be bound by, even if the trial court claimed it was not determining the law of the case. Since the trial court's order was "in substance a demurrer[,]"
 

 id.
 

 the order affects a substantial right. Defendant's appeal is properly before us. N.C. Gen. Stat. § 7A-27(b)(3) ;
 
 Wells Fargo Bank, N.A. v. Corneal
 
 ,
 
 238 N.C.App. 192
 
 , 194,
 
 767 S.E.2d 374
 
 , 376 (2014)
 

 *473
 
 ("Immediate appeal is available from an interlocutory order that affects a substantial right.").
 

 III. Issues
 

 Defendant argues the trial court erred by denying Defendant's motion for summary judgment where the 2003 Amendment is void
 
 ab initio
 
 , not enforceable, and any claim for breach of the 1994 agreement is precluded by the statute of limitations.
 

 IV. Denial of Defendant's Motion for Summary Judgment
 

 Defendant argues the trial court erred by denying his motion for summary judgment and asserts the 2003 Amendment was not acknowledged in the manner of equal dignity required by the 1994 agreement and under
 
 N.C. Gen. Stat. § 52-10.1
 
 . Defendant asserts this defect renders the 2003 Amendment void
 
 ab initio.
 
 We agree.
 

 A. Standard of Review
 

 Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmovant to present specific facts which establish the presence of a genuine factual dispute for trial. Nevertheless, if there is any question as to the weight of evidence summary judgment should be denied.
 

 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573-74,
 
 669 S.E.2d 572
 
 , 576-77 (2008) (internal citations, quotation marks, and brackets omitted).
 

 B. Whether the 2003 Amendment was void
 
 ab initio
 

 Both parties filed motions for summary judgment. The trial court considered the pleadings, briefs, and arguments of counsel at the hearing. In Plaintiff's amended complaint she alleged, "After their divorce,
 
 *775
 
 the parties executed an Amendment to said Separation and Property Settlement Agreement on May 29, 2003, a copy of which is attached hereto as Exhibit A and incorporated herein by reference[.]"
 
 *474
 
 The first page of this document states as follows:
 

 AMENDMENT TO SETTLEMENT AGREEMENT DATED NOVEMBER 11, 1994
 

 MAY 29, 2003
 

 * *EXCEPT FOR AMENDMENTS CONTAINED HEREIN, THE ORIGINAL SETTLEMENT AGREEMENT DATED 11/11/94 WILL REMAIN IN EFFECT AS WRITTEN* *
 

 Both parties signed the last page of the 2003 Amendment on a line entitled "Accepted by[.]"
 

 The remaining pages of the 2003 Amendment include sections, which reference the other sections of the original agreement it purports to amend. The Amendment is clearly intended to change certain portions of the agreement, leaving all other original provisions intact. The first two subsections contain the headings "Article I," then "Article V," without Articles II-IV. It does not appear Articles II-IV were intended to be amended by the 2003 Amendment.
 

 The stated characterization of this document as an "Amendment To Settlement Agreement" is important. Plaintiff argues on appeal: 1) this document is a free-standing contract between two unmarried adults; 2) the law applicable to separation agreements does not apply; and, 3) notarization was unnecessary. Plaintiff asserts the modification is just an ordinary contract, even though her amended complaint expressly describes it as "an Amendment to said Separation and Property Settlement Agreement[.]" Plaintiff contends the Amendment is "a signed, bargained-for exchange, supported by adequate consideration between two non-married, capable adults," and "only contracts between husbands and wives made during their coverture must be in writing and acknowledged before a certifying officer."
 

 While Plaintiff argues the statutory requirements for execution of a separation agreement may not necessarily apply to modifications of that agreement, the parties also remain bound by the express terms of the original properly signed and notarized 1994 agreement. That agreement expressly provides that "[m]odification or waiver of any of the provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement." By the express terms of the 1994 agreement alone, any modification to the 1994 agreement would have to be "executed with the same formality," or with equal dignity to the original agreement, including notarization.
 

 *475
 
 "To be valid, a separation agreement must be in writing and acknowledged by both parties before a certifying officer. The statute further provides that a person acting in the capacity of a notary public may serve as a certifying officer."
 
 Lawson v. Lawson
 
 ,
 
 321 N.C. 274
 
 , 276,
 
 362 S.E.2d 269
 
 , 271 (1987) (citation and quotation marks omitted);
 
 see also
 

 N.C. Gen. Stat. § 52-10.1
 
 (2015) (requiring separation agreements to be acknowledged by a certifying officer).
 

 "In North Carolina the modification of the original separation agreement must be pursuant to the formalities and requirements of G.S. 52-10.1."
 
 Greene v. Greene
 
 ,
 
 77 N.C.App. 821
 
 , 823,
 
 336 S.E.2d 430
 
 , 432 (1985). More recently, this Court has reiterated the requirements for execution of a modification of a separation agreement:
 

 A separation agreement must conform to the formalities and requirements of
 
 N.C. Gen. Stat. § 52-10.1
 
 . Specifically, the separation agreement must be in writing and acknowledged by both parties before a certifying officer. An attempt to orally modify a separation agreement fails to meet the formalities and requirements of G.S. 52-10.1.
 
 Thus, a modification of a separation agreement, to be valid, must be in writing and acknowledged, in accordance with the statute.
 

 Jones v. Jones
 
 ,
 
 162 N.C.App. 134
 
 , 137,
 
 590 S.E.2d 308
 
 , 310 (2004) (citations, quotation marks, and brackets omitted) (emphasis supplied).
 

 While Plaintiff is correct that "two non-married, capable adults" can enter into most
 
 *776
 
 types of contracts without the statutory formalities required of a separation agreement, it is undisputed that the 2003 agreement is an "AMENDMENT" to the original 1994 agreement entitled, "SEPARATION AGREEMENT AND PROPERTY SETTLEMENT[.]" The statute treats modifications to separation agreements arising out of a marriage differently from ordinary contracts between two adults, even if those adults are divorced.
 
 See
 
 id.
 

 Plaintiff argues the law requiring notarization of a modification or amendment of a separation agreement applies only "during their coverture." We find no requirement of coverture in the cases addressing modification of separation agreements, nor does Plaintiff cite or direct this Court to any such authority. Plaintiff contends that "[t]he court has explicitly held that the section relied upon by Appellant, N.C.G.S. § 52-10, 'requires acknowledgment only during coverture, the period of marriage.'
 
 Howell v. Landry
 
 ,
 
 96 N.C.App. 516
 
 ,
 
 386 S.E.2d 610
 
 (1989)." Plaintiff disregards the remaining portion of the sentence in
 
 *476
 

 Howell
 
 , which provides acknowledgment is required pursuant to
 
 N.C. Gen. Stat. § 52-10
 
 "only during coverture, the period of marriage,
 
 it does not require acknowledgment for premarital agreements.
 
 "
 
 Howell v. Landry
 
 ,
 
 96 N.C.App. 516
 
 , 530,
 
 386 S.E.2d 610
 
 , 618 (1989) (emphasis added).
 
 Howell
 
 plainly addressed the validity of premarital contracts prior to the bonds of marriage, not thereafter.
 
 See
 
 id.
 

 Plaintiff also attempts to distinguish
 
 Greene v. Greene
 

 .
 
 While the marital status of the parties at the time of that case is not clearly stated, it would appear that the parties were already divorced when the alleged modification occurred. The substance of the alleged oral modification was the ex-wife had agreed to allow her ex-husband to stop paying alimony pursuant to the terms of the separation agreement as a "wedding present" upon his marriage to another woman.
 
 See
 

 Greene
 
 ,
 
 77 N.C.App. 821
 
 ,
 
 336 S.E.2d 430
 
 . In short, both the law and the terms of the agreement itself clearly requires any modifications must be notarized to be enforceable.
 
 See
 
 id.
 

 It is obvious and undisputed that the 2003 Amendment is not notarized.
 

 We recognize it is possible the modification was signed before a certifying official who could later notarize it. We mention this possibility because Plaintiff argued it at the hearing and a dispute of material facts could potentially be raised. During the hearing, Plaintiff's counsel argued, "She's wrong about
 
 Lawson
 
 saying if it's invalid it never can work because there are cases that say if you sign it and the notary remembers you signing it but it's not notarized, it's valid. So the question-she testified she signed it in a lawyer's office where there's lawyers and notaries everywhere. That's a factual dispute as to whether it's even notarized."
 

 In
 
 Lawson
 
 , the certificate of the certifying officer "was added some two years after the document had been signed."
 
 321 N.C. at 275
 
 ,
 
 362 S.E.2d at 270
 
 . This Court considered the facts and determined:
 

 [T]he affidavit submitted by the plaintiff indicated to the trial court that plaintiff would testify that both she and defendant executed the separation agreement in the presence of Mr. Radeker after being advised that Radeker was a notary public. Mr. Radeker's testimony during his deposition tends to confirm the evidence stated in plaintiff's affidavit, while defendant's affidavit states he did not acknowledge the separation agreement. Defendant, however, does not deny that he signed the document in the presence of Radeker. The facts as stated by plaintiff and Mr. Radeker and not denied by defendant constitute
 
 *477
 
 a forecast of competent evidence which would establish acknowledgement as a matter of law.
 

 Id.
 

 at 279
 
 ,
 
 362 S.E.2d at 272-73
 
 . In
 
 Lawson
 
 , no genuine issue of material fact challenged whether the husband
 
 did
 
 sign the document before the notary, although the certification was added to the agreement later. Summary judgment should have been granted in favor of the wife who sought to recover under the separation agreement.
 

 Id.
 

 at 274
 
 ,
 
 362 S.E.2d at 270
 
 .
 

 Here, Plaintiff argued the forecast of evidence could show she signed the document in an office with a certifying official, so as in
 
 Lawson
 
 , the individual could simply add the certificate later:
 

 *777
 
 [PLAINTIFF'S COUNSEL]: But the jury will decide that. That's the point of factual determination. You can't find those facts as a matter of law on summary judgment. In fact, on her summary judgment you have to assume my facts are correct. You have to assume that she signed it in the office. You have to take all those things as absolutely correct and accurate unless there's no scintilla of evidence to support.
 

 THE COURT: But you want me then to just by mere conjecture assume that, well, there was a notary available and possibly you're going to be able to argue that they meant to do it but they didn't. That's not-
 

 [PLAINTIFF'S COUNSEL]: No, you don't-you don't have to assume either way.
 

 THE COURT: That's not-
 

 [PLAINTIFF'S COUNSEL]: You just have-
 

 THE COURT: -before the Court.
 

 [PLAINTIFF'S COUNSEL]: You just have to say that you can't decide where she signed it. You can't make that choice. A jury can.
 

 THE COURT: Let's say she signed it on the surface of the moon. What difference will it make?
 

 [PLAINTIFF'S COUNSEL]: Well, it does matter according to case law whether she signed it around or in front of a notary. That does matter. But the other thing, Your Honor,
 
 *478
 
 is, in this case and in this situation, you would actually-it's actually reversible to make the decision for the reason [Defense Counsel] was asking you to for judicial economy. It's either void or it's not.
 

 Contrary to counsel's argument, the standard for denial of summary judgment was not simply that the trial judge "can't decide where," or before whom, plaintiff signed the modification, since plaintiff had failed to forecast any evidence whatsoever that the parties signed in the presence of a certifying official.
 

 Plaintiff's deposition testimony does not provide even a scintilla of evidence tending to show a notary was present when she and Defendant signed the modification, even if "signed it in a lawyer's office where there's lawyers and notaries everywhere." Plaintiff testified in her deposition about when they signed the 2003 Amendment:
 

 A: I think that probably what we did do was that we met at Michael's office-we often did-and probably signed it there.
 

 Q: You don't remember, though?
 

 A: I really don't.
 

 Q: And you agree that there's no notary page.
 

 A: I don't see a notary page. There was never a mention of a notary or the need for one.
 

 Even taking Plaintiff's forecast of evidence in the light most favorable to her and drawing all possible favorable inferences from it, no evidence shows a notary or anyone else witnessed the signing of the 2003 Amendment.
 
 See
 

 Furr v. K-Mart Corp.
 
 ,
 
 142 N.C.App. 325
 
 , 327,
 
 543 S.E.2d 166
 
 , 168 (2001) ("When a trial court rules on a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and all inferences of fact must be drawn against the movant and in favor of the nonmovant." (citations, quotation marks, and brackets omitted)). From the transcript of discussions between the trial court and counsel, it appears the trial court also did not find a potential argument could be made that the execution of the 2003 modification had been witnessed before a "certifying officer" and could later be notarized, as in
 
 Lawson. See
 

 Lawson
 
 ,
 
 321 N.C. at 275
 
 ,
 
 362 S.E.2d at 270
 
 .
 

 The 2003 modification is not notarized, and not a scintilla of evidence was tendered to suggest that it ever could be. The trial court erred as
 
 *479
 
 a matter of law in concluding that the 2003 Amendment was "not void as a matter of law."
 

 V. Plaintiff's Estoppel Argument
 

 Plaintiff argues that, even if the 2003 Amendment is void, she may still recover based upon equitable theories, including estoppel and ratification, because Defendant had performed for eleven years under the terms of the 2003 Amendment with knowledge it had not been notarized. We disagree.
 

 It is well settled that a void contract cannot be the basis for ratification or estoppel.
 

 *778
 

 See
 

 Bolin v. Bolin
 
 ,
 
 246 N.C. 666
 
 , 669,
 
 99 S.E.2d 920
 
 , 923 (1957) ("A void contract will not work as an estoppel.");
 
 see also
 

 Jenkins v. Gastonia Mfg. Co.
 
 ,
 
 115 N.C. 535
 
 , 537,
 
 20 S.E. 724
 
 , 724 (1894) ("[W]e have held that such contract, not being ... in compliance with the statute, and being executory in its nature, was void and incapable of ratification."). Plaintiff's argument is overruled.
 

 VI. Conclusion
 

 A substantial right of Defendant's has been adversely affected since Defendant's main and prevailing defense was rejected "as a matter of law" by the trial court. Because the purported 2003 Amendment or modification to the 1994 separation agreement is void, we reverse the trial court's order denying summary judgment in favor of Defendant. We remand for entry of summary judgment for Defendant with regard to all of Plaintiff's claims asserted under the 2003 Amendment, and for further proceedings with regard to Plaintiff's remaining claims, if any.
 
 It is so ordered.
 

 REVERSED AND REMANDED.
 

 Chief Judge McGEE and Judge STROUD concur.