STROUD, Judge.
 

 *701
 
 Plaintiff Kimberly G. Raymond ("Wife") appeals from the trial court's orders granting summary judgment, a declaratory judgment, and attorney fees to Defendant Charles G. Raymond ("Husband"). These orders are based upon the trial court's conclusion that the parties had entered an enforceable separation agreement and property settlement agreement. Because the same version of the agreement was never signed and acknowledged by both parties, as required by
 
 N.C. Gen. Stat. § 52-10.1
 
 , the trial court erred in concluding that the agreement is enforceable, and we reverse both orders and remand for further proceedings.
 

 I. Facts and Procedural Background
 

 The parties were married on April 3, 1999, and separated on some date prior to November 2014. Husband contends that the parties separated in December 2013, while Wife contends that the parties initially separated in December 2013, reconciled in May of 2014, and finally separated in September of 2014.
 

 Wife engaged the services of attorney Carolyn Woodruff, who drafted a separation agreement which she presented to Husband on 13 December 2013. The parties thereafter continued to negotiate the terms of their separation. On 21 January 2014, Wife signed and notarized a document captioned "Separation and Property Settlement Agreement" and forwarded it to Husband.
 

 The parties then had the following exchange by email. On 22 January 2014, Wife sent the following to Husband:
 

 I mailed the papers to you today. 3 copies. Please get all 3 notarized and send 2 back to me. You can give to Darlene and she can
 
 *170
 
 bring them to me on Friday as she will be here then.
 

 On 23 January 2014, Husband emailed the following to Wife:
 

 I have gone over the agreement and it is correct and acceptable with one exception. Your attorney slipped in a requirement to divide the Carlyle investment. This has never been raised and is inappropriate. Your choices are to rewrite the agreement, deleting clause Article II Property Settlement, Para 1 C i (Carlisle Funds), or I will line it out and initial it. You would then return an initialed copy to me. Your choice. You told me you were playing no
 
 *702
 
 games. ... That's why I suspect your attorney put that in in error. Please advise.
 

 On 23 January 2014, Wife emailed the following to Husband:
 

 Cross out that part and initial it on all 3 copies. Darlene will wait in [sic] you. Sorry for that!
 

 On the same day, Wife also emailed the following to Husband:
 

 Had to make certain contract would still be legit and it will as long as you mark thru, initial lines and initial bottom and then sign docs. You can also next day air to me today if you don't want to bother Darlene.
 

 Husband made the requested changes to the document, initialed the changes, notarized the document and then sent it to Wife. Wife received the document but never signed or initialed the revised document.
 

 On 4 February 2015, Wife filed a complaint for post-separation support, alimony, equitable distribution, an interim distribution of marital assets, and attorney's fees. Husband filed an answer, motions to dismiss, affirmative defenses, and counterclaims on 17 April 2015. In his answer, Husband moved for, among other things: dismissal under Rule 12(b)(6), declaratory judgment, breach of contract, and attorney's fees based on the argument that the couple had a valid and enforceable separation agreement and that Wife had waived her rights to pursue the claims. Husband also sought an award of reasonable attorney's fees because of Wife's breach of their separation agreement. On 5 October 2015, Wife moved for summary judgment and declaratory judgment because the parties had no legally enforceable separation agreement.
 

 After considering evidence, affidavits, and depositions by the parties, on 28 January 2016, the trial court entered an order granting summary judgment and a declaratory judgment in favor of Husband because the parties had entered into a legally enforceable separation agreement.
 

 Wife moved to set aside the judgment and filed a motion for relief from judgment on 4 February 2016. Husband, on 8 March 2016, moved to dismiss Wife's motion to set aside judgment and filed a motion for relief from judgment; a motion for attorney's fees because her motion raised no justiciable issue, and a motion for a transfer of property under Rule 70 of the Rules of Civil Procedure of North Carolina regarding the Linville property owned by the parties which Wife had refused to deed to Husband under the Separation Agreement. The trial court found for Husband on all claims in an order entered on 5 May 2016. This order has
 
 *703
 
 no certificate of service to show service upon Wife. Wife filed notice of appeal on 8 June 2016, appealing the trial court's 28 January 2016 and 5 May 2016 orders.
 

 II. Timeliness of Appeal and Jurisdiction
 

 A timely notice of appeal is required to confer jurisdiction upon this Court.
 
 See, e.g.,
 

 Bailey v. State
 
 ,
 
 353 N.C. 142
 
 , 156,
 
 540 S.E.2d 313
 
 , 321 (2000) ("In order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure.").
 

 A. 5 May 2016 Order
 

 Although neither party has addressed whether Wife's notice of appeal was timely filed for either order to confer jurisdiction upon this Court under N.C. R. App. P. Rule 3 to consider her appeal, we must raise issues of jurisdiction
 
 sua sponte
 
 .
 
 See, e.g.,
 

 Kor Xiong v. Marks
 
 ,
 
 193 N.C. App. 644
 
 , 652,
 
 668 S.E.2d 594
 
 , 599 (2008) ("[A]n appellate court has the power to inquire into jurisdiction in a case before it at any time, even
 
 sua sponte
 
 .").
 

 *171
 
 Under our North Carolina Rules of Appellate Procedure, Rule 3(c), "Time for Taking Appeal," states, in pertinent part, the following: In civil actions and special proceedings, a party must file and serve a notice of appeal: (1) within 30 days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure ; or (2) within 30 days after service upon the party of a copy of the judgment if service was not made within that three-day period. The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal. Motions entered pursuant to Rule 60 do not toll the time for filing a notice of appeal.
 

 Wallis v. Cambron
 
 ,
 
 194 N.C. App. 190
 
 , 192-93,
 
 670 S.E.2d 239
 
 , 241 (2008) (citations, quotation marks, and ellipses omitted).
 

 The order granting summary judgment and a declaratory judgment was entered on 28 January 2016, but Wife did not file her notice of appeal until 8 June 2016, far more than 30 days after entry of that order. In addition, the notice of appeal was filed more than 30 days after entry of the 5 May 2016 Order. We will address the timeliness of the appeal of the 5 May 2016 order first.
 

 *704
 
 Rule 3(c)(1) of the Rules of Appellate Procedure provides that a party must file and serve notice of appeal within thirty days after entry of judgment if the party has been served a copy of the judgment within the three day period prescribed by Rule 58 of the Rules of Civil Procedure. Rule 58 provides that service and proof of service shall be in accordance with Rule 5. Rule 5(b) provides: "[a] certificate of service shall accompany every pleading and every paper required to be served and shall show the date and method of service or the date of acceptance of service and shall show the name and service address of each person upon whom the paper has been served.
 

 Frank v. Savage
 
 ,
 
 205 N.C. App. 183
 
 , 186-87,
 
 695 S.E.2d 509
 
 , 511 (2010) (citations, quotation marks, emphasis, ellipses, and brackets omitted).
 

 The 5 May 2016 order has no certificate of service and our record does not indicate when Wife was served. Under N.C. R. App. P. 3(c)(2), "a party must file and serve a notice of appeal ... (2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three-day period[.]" Under Rule 3, if Wife was properly served with the 5 May 2016 order, her notice of appeal would have been due on 6 June 2016.
 
 [1]
 
 Husband has not moved to dismiss the appeal, and neither party has addressed any concern regarding the timeliness of Wife's appeal.
 

 In
 
 Frank
 
 , the order on appeal had a certificate of service but it did "not show the name or service address of any person upon whom the order was served."
 
 Frank
 
 ,
 
 205 N.C. App. at 187
 
 ,
 
 695 S.E.2d at 511
 
 . The appellees moved to dismiss the appeal because appellants' notice of appeal was filed 31 days after entry of the order; appellants contended that they actually received the order 4 days after its entry and the appeal was timely by their calculation.
 
 Id
 
 . at 186,
 
 695 S.E.2d at 511
 
 . This Court placed the burden of showing that the order was properly served within three days upon the appellee who sought dismissal of the appeal, and since the certificate of service did not show the name or address of the parties served, held the appeal to be timely and denied the motion to dismiss the appeal.
 
 Id
 
 . at 187,
 
 695 S.E.2d at 512
 
 .
 

 We faced a similar situation in
 
 Davis v. Kelly
 
 ,
 
 147 N.C. App. 102
 
 ,
 
 554 S.E.2d 402
 
 (2001). Appellee in
 
 Davis
 
 argued
 
 *705
 
 that appellant "filed the notice of appeal more than 30 days after the judgment was entered and that her appeal should therefore be dismissed."
 
 Id
 
 . at 105,
 
 554 S.E.2d at 404
 
 . The Court noted however that appellee "did not fully comply with the service requirements of Rule 58 of the Rules of Civil Procedure."
 
 Id
 
 . Under the applicable provisions of Rule 3, appellant had thirty days from the date she was properly served with the judgment.
 
 Id
 
 . The Court therefore denied appellee's Motion to Dismiss the appeal.
 
 *172
 
 We believe that Defendants' failure to comply with the service requirements of Rule 58 of the Rules of Civil Procedure in the present case requires us to apply Rule 3(c)(2) and not Rule 3(c)(1). We therefore hold that Plaintiffs' appeal is timely. Defendants' Motion to Dismiss Plaintiffs' appeal is denied.
 

 Frank
 
 ,
 
 205 N.C. App. at 187
 
 ,
 
 695 S.E.2d at 511-12
 
 (footnotes omitted).
 

 Here, the record includes no certificate of service. Husband has not moved to dismiss the appeal. We will not assume that Husband served the 5 May 2016 Order on Wife within three days as required by Rule 3(c)(1), and thus her time to appeal did not begin to run until she received it, under Rule 3(c)(2). Her notice of appeal of the 5 May 2016 order is therefore timely, and this Court has jurisdiction to consider her appeal of that order.
 

 B. 28 January 2016 Order
 

 Neither party has addressed the timeliness of Wife's appeal of the 28 January 2016 order either, but again, we have no jurisdiction to consider her appeal of this order without a proper notice of appeal. Wife apparently assumed that her Motion to Set Aside Judgment and for Relief from Judgment under Rules 52, 59, and 60 tolled the time for her notice of appeal, since she appealed both orders after entry of the trial court's order denying her motions. As the substance of her motion determines whether the time for appeal was tolled, we must consider the grounds for her motion.
 
 See
 
 N.C. R. App. P. Rule 3(c)(3) ("[I]f a timely motion is made by any party for relief under Rules 50(b), 52(b), or 59 of the Rules of Civil Procedure, the thirty-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order or its untimely service upon the party, as provided in subdivisions (1) and (2) of this subsection (c).").
 

 *706
 
 Wife's motion requested under Rule 52 that the trial court "amend its findings or make additional findings[,]" and under Rule 59(a)(7), she alleged that the order was "contrary to law." Under Rule 60(b)(1) and (6), Wife alleges "mistake"-specifically, the trial court's legal error-and "any other reason justifying relief from the operation of the judgment"-also the trial court's legal error. The substance of Wife's motion alleges the trial court made a "legal error" by determining the separation agreement was valid. The motion also makes various allegations regarding cases addressing the validity of the separation agreement and argues that the trial court's ruling was contrary to those cases.
 

 As noted above, a motion under Rule 60 does not toll the time for filing notice of appeal.
 
 See
 

 Wallis
 
 ,
 
 194 N.C. App. at 193
 
 ,
 
 670 S.E.2d at 241
 
 . But a motion under Rule 52(b) or 59 will toll the time for notice of appeal, if the motion actually presents a rationale for relief under one of these rules and is not simply " 'used as a means to reargue matters already argued[.]' "
 
 Batlle v. Sabates
 
 ,
 
 198 N.C. App. 407
 
 , 414,
 
 681 S.E.2d 788
 
 , 794 (2009) (quoting
 
 Smith v. Johnson
 
 ,
 
 125 N.C. App. 603
 
 , 606,
 
 481 S.E.2d 415
 
 , 417 (1997) ).
 

 If a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the 30-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order. As a result, the timeliness of Plaintiff's appeal from the 21 September 2007 order hinges upon whether Plaintiff's 5 October 2007 motion sufficiently invoked the provisions of N.C. Gen. Stat. § 1A-1, Rules 50(b), 52(b), or 59.
 

 .... [W]hile a request that the trial court reconsider its earlier decision granting the sanction may properly be treated as a Rule 59(e) motion, a motion made pursuant to N.C. Gen. Stat. § 1A-1, Rule 59, cannot be used as a means to reargue matters already argued or to put forward arguments which were not made but could have been made. Thus, in order to properly address the issues raised by Defendant's dismissal motion, we must examine the allegations in Plaintiff's motion to ascertain whether Plaintiff stated a valid basis for seeking to obtain relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 59.
 

 *173
 

 Batlle
 
 ,
 
 198 N.C. App. at 413-14
 
 ,
 
 681 S.E.2d at 793-94
 
 (citations, quotation marks, brackets, and footnote omitted).
 

 *707
 
 The January 2016 order is entitled "Order Re: Cross-Motions for Declaratory/Summary Judgment." Although summary judgment orders should not include findings of fact,
 
 see, e.g.,
 

 Tuwamo v. Tuwamo
 
 , --- N.C. App. ----, ----,
 
 790 S.E.2d 331
 
 , 336 (2016) ("Of course, neither an order for dismissal under Rule 12(b)(6) nor a summary judgment order should include findings of fact."), this order has extensive findings of fact. In addition, Wife filed a motion under Rule 52 requesting amended or additional findings of fact. But this Court has held that because summary judgment orders should not have findings of fact, and on appeal we may disregard any such findings, Rule 52 does not apply to summary judgment orders.
 
 See, e.g.,
 

 Mosley v. Finance Co.
 
 ,
 
 36 N.C. App. 109
 
 , 111,
 
 243 S.E.2d 145
 
 , 147 (1978) ("The named plaintiffs requested that the trial court, in rendering summary judgment, find facts specifically and express its conclusions of law pursuant to G.S. 1A-1, Rule 52. A trial judge is not required to make finding[s] of fact and conclusions of law in determining a motion for summary judgment, and if he does make some, they are disregarded on appeal. Rule 52(a)(2) does not apply to the decision on a summary judgment motion because, if findings of fact are necessary to resolve an issue, summary judgment is improper. However, such findings and conclusions do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judgment." (citations omitted)),
 
 overruled in part on other grounds as stated in
 

 Crow v. Citicorp Acceptance Co.
 
 ,
 
 319 N.C. 274
 
 , 280,
 
 354 S.E.2d 459
 
 , 464 (1987).
 

 But this analysis assumes that the January 2016 order is in fact a
 
 summary judgment
 
 order, although it does not look much like one. This jurisdictional discussion has perhaps gone on too long primarily as a result of the way the parties and trial court dealt with the hearing of the matter and the extensive findings and conclusions in the trial court's order.
 
 [2]
 
 Instead of continuing to attempt to characterize the order, we dismiss Wife's appeal from the 28 January 2016 order as untimely, but then exercise our discretion to treat Wife's brief as a petition for certiorari, allow the petition, and review the 28 January 2016 order.
 
 See
 
 N.C. R. App. P. Rule 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]");
 
 In re Will of Durham
 
 ,
 
 206 N.C. App. 67
 
 , 74,
 
 698 S.E.2d 112
 
 , 119 (2010) ("Given the complete
 
 *708
 
 absence of any showing in the record on appeal that Caveator appealed the sanctions order in a timely manner, we have no alternative except to dismiss Caveator's appeal from the sanctions order as untimely. We do, however, have the authority, in the exercise of our discretion, to treat the record on appeal and briefs as a petition for writ of certiorari pursuant to N.C. R. App. P. 21(a)(1), to grant the petition, and to then review Caveator's challenge to the sanctions order on the merits.").
 

 III. Standard of Review
 

 "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that there is no genuine issue as to any material
 
 *174
 
 fact and that any party is entitled to a judgment as a matter of law."
 
 In Re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (citation and quotation marks omitted).
 

 As noted above, the trial court's summary judgment order includes "findings of fact." Since summary judgment is proper only where there is no genuine issue of material fact, summary judgment orders should not include findings of fact.
 

 The purpose of the entry of findings of fact by a trial court is to resolve contested issues of fact. This is not appropriate when granting a motion for summary judgment, where the basis of the judgment is that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.
 

 War Eagle, Inc. v. Belair,
 

 204 N.C. App. 548
 
 , 551,
 
 694 S.E.2d 497
 
 , 500 (2010) (citations and quotation marks omitted). It is not uncommon for trial judges to recite uncontested facts upon which they base their summary judgment order, however when this is done "any findings should clearly be denominated as 'uncontested facts' and not as a resolution of contested facts."
 
 Id
 
 . In this case, all the material facts are uncontested so we will treat the "findings of fact" in the January 2016 order as "uncontested facts" for the purpose of evaluating the trial court's order for summary judgment.
 

 [I]n a declaratory judgment action where the trial court decides questions of fact, we review the challenged findings of fact and determine whether they are supported by competent evidence. If we determine that the challenged findings are supported by competent evidence, they are conclusive on appeal. We review the trial court's conclusions of law
 
 de novo
 
 .
 

 *709
 

 Calhoun v. WHA Med. Clinic, PLLC,
 

 178 N.C. App. 585
 
 , 596-97,
 
 632 S.E.2d 563
 
 , 571 (2006) (citations omitted). We will therefore review the order's legal conclusion of the enforceability of the agreement
 
 de novo
 
 .
 

 IV. Analysis
 

 Wife contends that the trial court erred by granting summary judgment and declaratory judgment for Husband. We agree.
 

 A. Validity of Separation Agreements under
 
 N.C. Gen. Stat. § 52-10.1
 

 The law of North Carolina has long been that a married couple, upon deciding to separate, may memorialize their decisions governing their separation and property settlement in a legally enforceable separation agreement. A separation agreement is a contract, but unlike other types of contract, separation agreements must meet several statutory requirements. Specifically, under
 
 N.C. Gen. Stat. § 52-10.1
 
 (2015), a married couple may execute a legally binding separation agreement if that agreement is 1) not against public policy, 2) in writing and 3) acknowledged by both parties before a certifying officer.
 
 N.C. Gen. Stat. § 52-10.1
 
 . Such a certifying officer may include a notary public.
 
 N.C. Gen. Stat. § 52-10
 
 (b) (2015). The courts of North Carolina have routinely held that a separation agreement is void and unenforceable unless it was "executed in the manner and form required by [ N.C.G.S. § 52-10.1 ]."
 
 Daughtry v. Daughtry,
 

 225 N.C. 358
 
 , 360,
 
 34 S.E.2d 435
 
 , 437 (1945). Any modification of a separation agreement must also "be in writing and acknowledged, in accordance with the statute."
 
 Jones v. Jones
 
 ,
 
 162 N.C. App. 134
 
 , 137,
 
 590 S.E.2d 308
 
 , 310 (2004). An attempt to orally modify a separation agreement is insufficient as a matter of law and fails to meet the standards of the statute.
 
 See
 

 Greene v. Greene
 
 ,
 
 77 N.C. App. 821
 
 , 823,
 
 336 S.E.2d 430
 
 , 432 (1985).
 

 Here, Wife contends there is no legally enforceable separation agreement between the parties because the statutory requirements were never met. There is no factual dispute that the parties each signed and acknowledged different versions of the agreement. Wife signed and notarized the original version of the couple's separation agreement and sent it to Husband. Husband then modified, signed, and acknowledged the revised separation agreement. Wife never signed or acknowledged the revised separation agreement after it was modified by Husband, and there is no evidence in the record that Wife and Husband ever signed and notarized the same separation agreement.
 

 Husband "acknowledges the historical respect afforded the formal requirements given to separation agreements[,]" but argues that
 
 *710
 
 "the parties' legal right should not hang up on a technicality that can be fixed[.]" He contends that Wife's email from 23 January 2014 is sufficient to modify the separation agreement under
 
 N.C. Gen. Stat. § 52-10.1
 
 and create a separation agreement binding on both parties. He also contends that his change to the agreement was merely the correction of "what amounts to a clerical error in the Agreement" so it should not be "fatal to the enforceability." He cites no law to support his contention this was a "clerical error," most likely because his revision was
 
 *175
 
 not the correction of a typographical error or transposed letters or numbers.
 

 This Court is not simply giving "historical respect" to the formal requirements of separation agreements. We must enforce the law as established by the General Assembly in
 
 N.C. Gen. Stat. § 52-10.1
 
 and as interpreted consistently by our courts. And Husband's revision to the agreement was far more than correction of a clerical error. Husband's revision changed the distribution of the Carlisle Funds account from an equal division between the parties to a distribution solely to Husband. Husband concedes that Wife never signed or acknowledged the separation agreement after his modifications on 23 January 2014. Given the lack of signature or acknowledgment, Husband's argument is without merit.
 

 B. Equitable Argument
 

 Husband raises the argument that even if this Court should find the agreement void, Wife should not be allowed to avoid its effect based upon "equitable principles." The trial court's order also addressed this issue. The trial court found:
 

 12. The Court finds that, given Plaintiff/Wife's direction to Defendant/Husband that he should strike the relevant paragraph and have it executed, that the Agreement is not void and valid.
 

 13. Additionally, even if the Court would have found the Agreement was not executed in accordance with relevant statutory authority (which it does not), the Court does find that Plaintiff/Wife made the voluntary choice to recognize the Agreement by treating it as valid for more than a year without complaint and that she has been permitted to enjoy and has enjoyed all of the benefits of the Agreement.
 

 14. Plaintiff/Wife
 
 has ratified the Agreement
 
 and
 
 she is estopped
 
 from making the legal argument that it was
 
 *711
 
 not validly executed and therefore unenforceable.
 
 See
 

 Moore v. Moore
 
 ,
 
 108 N.C. App. 656
 
 ,
 
 424 S.E.2d 673
 
 (1993).
 

 (Emphasis added).
 

 Husband's argument mentions words such as "estoppel," "equitable estoppel," and "quasi-estoppel," although we are not entirely sure how these principles may apply to this case. The trial court's order cited to
 
 Moore v. Moore
 
 ,
 
 108 N.C. App. 656
 
 ,
 
 424 S.E.2d 673
 
 ,
 
 aff'd per curiam
 
 ,
 
 334 N.C. 684
 
 ,
 
 435 S.E.2d 71
 
 (1993), and Husband has addressed this case in his brief, so we will address it.
 

 In
 
 Moore
 
 , the husband and wife signed the same agreement and the agreement was notarized.
 
 Id
 
 . at 657-58,
 
 424 S.E.2d at 674-75
 
 . Both signed during a meeting at the wife's attorney's office and Ms. King, an employee in the office, was the notary.
 
 Id
 
 . at 658,
 
 424 S.E.2d at 674-75
 
 . The couple signed several documents that day, and Ms. King was "in and out" of the room where they met "preparing additional paperwork" to be signed.
 
 Id
 
 . In seeking to avoid the agreement, the husband claimed that Ms. King was not actually present in the room at the moment when he signed the agreement, so she did not witness his signing.
 
 Id
 
 ., at 658,
 
 424 S.E.2d at 675
 
 . Ms. King averred that she did witness both parties' signatures.
 
 Id
 
 . The trial court granted summary judgment to the wife, finding the agreement enforceable, and the husband appealed.
 
 Id
 
 . at 657,
 
 424 S.E.2d at 674
 
 . On appeal, this Court affirmed the trial court.
 
 Id
 
 . at 658,
 
 424 S.E.2d at 675
 
 . This Court stated that even if there was some factual issue regarding the notarization of the agreement, there was no genuine issue of material fact which would prevent summary judgment:
 

 Plaintiff's evidence does not overcome the presumption of legality of execution created by the notarization of the separation agreement. North Carolina recognizes a presumption in favor of the legality of an acknowledgment of a written instrument by a certifying officer. To impeach a notary's certification, there must be more than a bare allegation that no acknowledgment occurred.
 

 Id
 
 . at 659,
 
 424 S.E.2d at 675
 
 (citation omitted).
 

 In other words, the holding of
 
 Moore
 
 is entirely inapposite to this case, since the issue here is entirely different. In
 
 Moore
 
 , both parties signed the same agreement.
 
 Id
 
 . at 657,
 
 424 S.E.2d at 674
 
 . Here, Husband and Wife each signed different versions of the
 
 *176
 
 agreement. Even under basic contract law-
 
 N.C. Gen. Stat. § 52-10
 
 -1 notwithstanding-where there is no meeting of minds on the essential terms of the agreement,
 
 *712
 
 there is no contract.
 
 See, e.g.,
 

 Chappell v. Roth
 
 ,
 
 353 N.C. 690
 
 , 692,
 
 548 S.E.2d 499
 
 , 500 (2001) ("For an agreement to constitute a valid contract, the parties' minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement. ... [G]iven the consensual nature of any settlement, a court cannot compel compliance with terms not agreed upon or expressed by the parties in the settlement agreement." (citations and quotation marks omitted)). Therefore, Husband's argument must be based primarily upon the
 
 Moore
 
 Court's concluding comments:
 

 [E]ven if the notarization could be deemed invalid due to the technical statutory violation, plaintiff is estopped from asserting its invalidity. The doctrine of estoppel rests upon principles of equity and is designed to aid the law in the administration of justice when without its intervention injustice would result. The rule is grounded in the premise that it offends every principle of equity and morality to permit a party to enjoy the benefits of a transaction and at the same time deny its terms or qualifications. Having chosen to recognize the agreement by treating it as valid for two years without complaint, plaintiff has been permitted to enjoy the benefits of the agreement. He now pursues a course to overturn it. Equity dictates the result consistent with the trial court's judgment.
 

 Moore
 
 ,
 
 108 N.C. App. at 659
 
 ,
 
 424 S.E.2d at 675-76
 
 (citation omitted).
 

 This portion of
 
 Moore
 
 is arguably dicta, since it was unnecessary for the decision. "Language in an opinion not necessary to the decision is
 
 obiter dictum
 
 and later decisions are not bound thereby."
 
 Trustees of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc.
 
 ,
 
 313 N.C. 230
 
 , 242,
 
 328 S.E.2d 274
 
 , 281 (1985). In addition, this Court has recently held otherwise, in a case involving enforcement of an alleged amendment to a separation agreement which was not notarized:
 

 Plaintiff argues that, even if the 2003 Amendment is void, she may still recover based upon equitable theories, including estoppel and ratification, because Defendant had performed for eleven years under the terms of the 2003 Amendment with knowledge it had not been notarized. We disagree.
 

 It is well settled that a void contract cannot be the basis for ratification or estoppel.
 
 See
 

 *713
 

 Bolin v. Bolin
 
 ,
 
 246 N.C. 666
 
 , 669,
 
 99 S.E.2d 920
 
 , 923 (1957) ("A void contract will not work as an estoppel.");
 
 see also
 

 Jenkins v. Gastonia Mfg. Co.
 
 ,
 
 115 N.C. 535
 
 , 537,
 
 20 S.E. 724
 
 , 724 (1894) ("[W]e have held that such contract, not being ... in compliance with the statute, and being executory in its nature, was void and incapable of ratification.").
 

 Kelley v. Kelley
 
 , --- N.C. App. ----, ----,
 
 798 S.E.2d 771
 
 , 777-78 (2017).
 

 And in any event, even considering equitable principles, we see no "unfairness" to Husband based upon the record before us. He complains that he paid Wife $7,000.00 per month as post-separation support under the agreement until 4 February 2015, so she should not now be allowed to pursue her claims for post-separation support, alimony, and equitable distribution. But should the trial court ultimately grant the relief Wife seeks, the trial court can consider these payments in the final calculations. Husband may receive a credit for any payments he made under the void agreement toward any amount he may become obligated to pay based on Wife's claims-or Wife may have to repay to Husband any amount he paid in excess of his obligations as ultimately determined by the trial court.
 

 V. Conclusion
 

 For the reasons stated above, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 Judges BRYANT and DAVIS concur.
 

 [1]
 

 June 4 2016 fell on a Saturday, so the notice would have been due on the following Monday.
 

 [2]
 

 We have also reviewed the entire transcript of the hearing to determine if the parties and trial court treated this hearing as a bench trial, and although they did not refer to it as such, from the arguments and discussion, it could likely be considered a bench trial.