JOE CAMERON NAPIER, Plaintiff v. DOTTIE SOUTHERN NAPIER, Defendant

No. COA98-1583

(Filed 19 October 1999)

1. **Divorce— alimony—separation agreement—general release language of all marital rights—express release required to waive alimony**

   The trial court erred in dismissing defendant-wife's counterclaim for alimony asserted in response to a complaint for absolute divorce because the language in the separation agreement providing for a general release of all claims and obligations or the settling of marital rights does not constitute an express release or settlement of alimony within the meaning of N.C.G.S. § 50-16.6 since it does not specifically, particularly, or explicitly refer to the waiver, release, or settlement of alimony or use some other similar language having specific reference to the waiver, release, or settlement of a spouse's support rights.

2. **Divorce— alimony—separation agreement—general release language of all marital rights—not a waiver of alimony—agreement restricted to equitable distribution and spousal rights not included**

   The trial court erred in dismissing defendant-wife's counterclaim for alimony asserted in response to a complaint for absolute divorce because the general release language in the separation agreement does not include a waiver of alimony since its reference to N.C.G.S. § 50-20(d) reveals the parties' intent to restrict the agreement to marital property issues within the scope of marital distribution and issues of spousal support are not

within the province of the equitable distribution statute under N.C.G.S. § 50-20(f).

**3. Divorce— alimony—classification of the right of support as a property right—validity of separation agreement made during marriage as it relates to waiver of alimony**

In a case involving a claim for absolute divorce and a counterclaim for alimony, the classification of the right of support as a property right does not mandate that all agreements relating to that right be governed by N.C.G.S. § 52-10, and the validity of the separation agreement made during the marriage as it relates to the waiver of alimony is not to be judged in the context of N.C.G.S. § 52-10.

Appeal by defendant from judgment dated 30 October 1998 by Judge William T. Graham in Forsyth County District Court. Heard in the Court of Appeals 21 September 1999.

*Morrow Alexander Tash Long & Kurtz, by C.R. "Skip" Long, Jr., for plaintiff-appellee.*

*Stowers & James, P.A., by Paul M. James, III, for defendant-appellant.*

GREENE, Judge.

Dottie Southern Napier (Defendant) appeals from the dismissal of her counterclaim for alimony, asserted in response to a complaint for an absolute divorce filed by Joe Cameron Napier (Plaintiff).

The Plaintiff and Defendant were married on 27 February 1965 and separated on or about 1 June 1994. On 1 June 1994, at a time when the parties "continue[d] to reside together," and after having "reached an agreement with regard to their respective property rights arising out of the marriage" and "pursuant to North Carolina General Statutes Section 50-20(d)" they entered into a "Property Agreement" (the Agreement) dividing the real and personal property owned by them. The Agreement also included the following pertinent language:

## ARTICLE I: PROPERTY

. . . .

L. <u>Mutual release</u>: Subject to the rights and privileges provided for in this Agreement, each party does hereby *release* and discharge the other of and *from all causes of action, claims,*

*rights or demands whatsoever, at law or in equity,* which either of the parties ever had or now has against the other, known or unknown, by reason of any matter, cause or thing up to the date of the execution of this Agreement, except the cause of action for divorce based upon the separation of the parties. It is the intention of the parties that henceforth there shall be, as between them, only such rights and obligations as are specifically provided for in this Agreement, and the right of action for divorce.

. . . .

### ARTICLE II: GENERAL PROVISIONS

Construction: This Agreement is not an agreement between the parties to obtain a divorce. The same is an *agreement settling their* property and *marital rights.*

. . . .

Representation by counsel: . . . Both parties have been fully advised of their rights and obligations arising from their marital relationship . . . . Each party understands that the *agreements* and obligations assumed by the other *are assumed with the express understanding and agreement that they are* in full satisfaction of all rights which each of them now has or might hereafter or otherwise have in the property or estate of the other and *in full satisfaction of all obligations which each of them now has or might hereafter or otherwise have toward the other.* (emphases added).

In the judgment of the trial court, it concluded that the "provisions of the . . . Agreement operate as a bar so as to prevent the Defendant from pursuing her claims against the Plaintiff for alimony."

---

The dispositive issues are whether Defendant's execution of the Agreement constitutes a waiver of her alimony rights: (I) within the meaning of section 52-10.1; and/or (II) within the meaning of section 52-10.

Defendant contends alimony can be waived only pursuant to a section 52-10.1 separation agreement and the waiver language must be explicit. In this case, Defendant asserts, the Agreement does not constitute a section 52-10.1 separation agreement and even if it did, there is no explicit language waiving alimony. Plaintiff first contends alimony, as a property right, can be waived in a section 52-10 contract

NAPIER v. NAPIER

[135 N.C. App. 364 (1999)]

between a married couple and it is not, therefore, necessary that the agreement qualify as a separation agreement. Alternatively, Plaintiff contends the Agreement qualifies as a section 52.10.1 separation agreement and the waiver provisions are sufficiently explicit.

I

[1] Married couples are authorized to execute separation agreements, N.C.G.S. § 52-10.1 (1991), and alimony can be waived by "an express provision of a valid separation agreement." N.C.G.S. § 50-16.6 (1995). A separation agreement is a "contract between spouses providing for marital support rights and . . . executed while the parties are separated or are planning to separate immediately." *Small v. Small*, 93 N.C. App. 614, 620, 379 S.E.2d 273, 277, *disc. review denied*, 325 N.C. 273, 384 S.E.2d 519 (1989).

In this case, the parties were living together at the time the Agreement was executed. Although there is no direct evidence the parties entered into the Agreement in contemplation of immediate separation, that is the undeniable inference. The Agreement was executed on 1 June 1994 and the parties separated on 1 June 1994. The language, however, is not sufficiently "express" to constitute a waiver of alimony within the meaning of section 50-16.6. "Express" is defined to mean: "[d]efinitely and explicitly stated. . . . [p]articular; specific." *American Heritage College Dictionary* 483 (3rd ed. 1993). A release of "all" claims and obligations or the settling of "marital rights," as occurred in the Agreement, does not constitute an "express" release or settlement of alimony claims, as it does not specifically, particularly, or explicitly refer to the waiver, release, or settlement of "alimony" or use some other similar language having specific reference to the waiver, release, or settlement of a spouse's support rights.

[2] Furthermore, and without regard to the "express" language requirement of section 50-16.6, the general releases in the Agreement cannot be construed to include a waiver of alimony. The preamble to the Agreement specifically states that it is entered into "pursuant to North Carolina General Statutes Section 50-20(d)." This statute deals with the right of married persons to make agreements with respect to the distribution of their marital property under the equitable distribution statutes. The reference to section 50-20(d) thus reveals the intent of the parties to restrict the Agreement to marital property issues within the scope of equitable distribution. Issues of spousal support are not within the province of the equitable distribution

statute. N.C.G.S. § 50-20(f) (Supp. 1998) (equitable distribution of marital property "without regard to alimony for either party").

Accordingly, the Agreement does not constitute a waiver of Defendant's alimony rights within the meaning of section 52-10.1.

## II

**[3]** Our courts have held that the "right of support" is in the nature of a "property right." *E.g., Kiger v. Kiger*, 258 N.C. 126, 128, 128 S.E.2d 235, 237 (1962). Thus it follows, Plaintiff suggests, that alimony can be waived pursuant to the provisions of section 52-10[1] and is not exclusively controlled by section 50-16.6.

It does not follow, however, that the classification of the "right of support" as a "property right" mandates all agreements relating to that right be governed by section 52-10. Indeed, we have specifically held that any waivers or agreements, made during the marriage, concerning the right of spousal support must be made in the context of a separation agreement and executed pursuant to section 52-10.1.[2] *Williams v. Williams*, 120 N.C. App. 707, 710, 463 S.E.2d 815, 818 (1995), *aff'd per curiam*, 343 N.C. 299, 469 S.E.2d 553 (1996). Accordingly, the validity of the Agreement as it relates to the waiver of alimony is not to be judged in the context of section 52-10.

The judgment of the trial court dismissing Defendant's counterclaim for alimony is therefore reversed.

Reversed and remanded.

Judges WALKER and HUNTER concur.

---

1. (a) Contracts between husband and wife not inconsistent with public policy are valid, and any persons of full age about to be married and married persons may, with or without a valuable consideration, release . . . such rights which they might respectively acquire or may have acquired by marriage in the property of each other; and such releases may be pleaded in bar of any action or proceeding for the recovery of the rights . . . so released.

N.C.G.S. § 52-10(a) (1991).

2. Alimony may be waived in several contexts not relevant to this case. For example, alimony can be waived pursuant to a valid premarital agreement. N.C.G.S. § 52B-4(4) (1987).