*JONES v. JONES*

[162 N.C. App. 134 (2004)]

---

LESSONIA JONES, Plaintiff v. ROBERT T. JONES, Defendant

No. COA03-285

(Filed 6 January 2004)

**Divorce— alimony—Tennessee marital dissolution agreement—oral statements by parties—no modification**

Plaintiff former wife's right to alimony under a separation agreement was not modified or waived by a subsequent Tennessee marital dissolution agreement that did not specifically mention alimony. Nor could the separation agreement be modified orally even if the parties' conversations were corroborated.

Appeal by plaintiff from order entered 17 October 2002 by Judge E.J. Harviel in the District Court in Alamance County. Heard in the Court of Appeals 20 November 2003.

*Walker & Bullard, by Daniel S. Bullard and James F. Walker, for plaintiff-appellant.*

*Frederick J. Sternberg, for defendant-appellee.*

HUDSON, Judge.

Plaintiff Lessonia Jones ("Mrs. Jones") filed a complaint against defendant Robert T. Jones ("Mr. Jones"), her ex-husband, for specific performance of his obligations under a previously executed separation agreement and property settlement. Defendant failed to file an answer and the plaintiff obtained an Entry of Default on 27 February 2002. The court thereafter granted defendant relief from that Entry of Default, and defendant filed an answer 12 March 2002. Following a trial, the court denied relief to plaintiff's request. Plaintiff appeals. For the reasons discussed below, we reverse.

JONES v. JONES

[162 N.C. App. 134 (2004)]

Mr. and Mrs. Jones married on 17 June 1972 and had one emancipated child at the time of the trial. Mr. and Mrs. Jones separated on 7 June 1999, and that July executed a separation agreement, which divided the parties' debts and property and obligated Mr. Jones to pay $600 per month alimony to Mrs. Jones.

Several months later, Mr. Jones telephoned Mrs. Jones, telling her that he was mailing her a paper that she would need to sign "for [their] divorce." Mrs. Jones received a complaint for divorce prepared by Mr. Jones' counsel in Tennessee. Attached to the complaint was a "Marital Dissolution Agreement" ("dissolution agreement"). The dissolution agreement purported to "equitable [sic] settle the property rights between" the Joneses. The dissolution agreement did not specifically mention alimony, but did include a clause stating that the "parties hereto agree that the foregoing constitutes their entire agreement with respect to the matters embraced herein. . . ." The parties each signed the dissolution agreement 19 December 1999, and were granted a divorce in Tennessee on 23 March 2000.

At trial, Mr. Jones testified, over the objection of plaintiff's counsel, about conversations he allegedly had with Mrs. Jones prior to the execution of the Tennessee dissolution agreement. Mr. Jones testified that he had agreed to pay her regular monthly alimony, in amounts that would gradually decrease and cease altogether after December 2000, and that Mrs. Jones knew that the dissolution agreement was a waiver of her alimony rights. All of the conversations to which Mr. Jones testified occurred before the execution of the dissolution agreement and none of the alleged oral agreements were reduced to writing.

Mrs. Jones testified that the dissolution agreement did not mention alimony and that she would not have signed any waiver of her right to alimony. She denied that she ever agreed with Mr. Jones to waive her right to alimony and she testified that any payments Mr. Jones planned to make to her were unilateral and not part of any agreement between them. Mrs. Jones appeals the order of the trial court refusing to enforce the alimony provisions in the original separation agreement.

Mrs. Jones assigns error to the court's ruling that the dissolution agreement constituted a waiver of her right to alimony under the earlier separation agreement. For the reasons discussed below, we agree and reverse.

In a bench trial, the trial court must "find the facts specifically and state separately its conclusions of law." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (1999). The court's conclusions of law must be supported by the court's factual findings. *Lagies v. Myers*, 142 N.C. App. 239, 247, 542 S.E.2d 336, 341, *disc. review denied*, 353 N.C. 526, 549 S.E.2d 218 (2001). However, "[i]f the court's factual findings are supported by competent evidence, they are conclusive on appeal, even though there is evidence to the contrary. . . . In contrast, the trial court's conclusions of law are reviewable *de novo.*" *Id.* at 246, 542 S.E.2d at 341 (internal citations and quotation marks omitted).

Here, the court's order purports to contain six findings of fact; however, the sixth "finding" is actually a mixed finding of fact and conclusion of law. Only the fifth and sixth findings pertain to the issue at hand:

5. That the Parties entered into a 'Separation Agreement and Property Settlement' dated July 27, 1999, as attached to the Plaintiff's Complaint, which included the provision for the payment of alimony by the Defendant to the Plaintiff.

6. That subsequent to the execution of the aforesaid Agreement, the Parties entered into and executed a 'Marital Dissolution Agreement' pursuant to Tennessee Code Annotated Section 34-4-103 on December 19, 1999, which was incorporated in the Defendant's 'Complaint for Divorce', in the divorce action in the Chancery Court of Madison County, Tennessee entitled "Robert T. Jones, Plaintiff vs. Leesonia [sic] H. Jones, Defendant, R. D. No. 56876' and approved by the Court. [sic] that although the aforesaid Tennessee Marital Dissolution Agreement does not specifically mention alimony, its [sic] clear that it is a total and complete resolution of all the claims between the Parties including alimony.

The last sentence of finding six is a conclusion regarding the legal effect of the dissolution agreement, which language appears verbatim as the court's conclusion two. The facts found are not sufficient to support this conclusion, and as a matter of law, can only support a conclusion that the dissolution agreement neither modified the previous separation agreement nor waived Mrs. Jones' right to alimony.

"Married couples are authorized to execute separation agreements, N.C.G.S. § 52-10.1 (1991), and alimony can be waived by 'an express provision of a valid separation agreement.' " *Napier v.*

*Napier*, 135 N.C. App. 364, 367, 520 S.E.2d 312, 314 (1999), *disc. review denied*, 351 N.C. 358, 543 S.E.2d 132 (2000), (quoting N.C.G.S. § 50-16.6 (1995)). Because such waivers must be express, general releases are insufficient to waive a spouse's right to alimony. *Id.* In *Napier*, the parties' separation agreement stated that it was "an agreement settling their property and marital rights" and that it was "in full satisfaction of all obligations which each of them now has or might hereafter or otherwise have toward the other." *Id.* at 366, 520 S.E.2d at 313. Despite this sweeping language, we held that the agreement did not constitute a waiver of alimony. "A release of 'all' claims and obligations or the settling of 'marital rights,' as occurred in the Agreement, does not constitute an 'express' release or settlement of alimony claims, as it does not specifically, particularly, or explicitly refer to the waiver, ·release, or settlement of 'alimony' or use some other similar language having specific reference to the waiver, release, or settlement of a spouse's support rights." *Id.* at 367, 520 S.E.2d at 314; *but see Stewart v. Stewart*, 141 N.C. App. 236, 241, 541 S.E.2d 209, 213 (2000) (holding that a separation agreement which "specifically and unambiguously waives all rights pursuant to Chapter 50 of the North Carolina General Statutes, which explicitly encompasses postseparation support and alimony" is sufficiently express to constitute a valid waiver of alimony).

A separation agreement must conform to the formalities and requirements of N.C. Gen. Stat. § 52-10.1. Specifically, "the separation agreement must be in writing and acknowledged by both parties before a certifying officer." N.C. Gen. Stat. § 52-10.1 (1995). "[A]n attempt to orally modify [a] separation agreement fails to meet the formalities and requirements of G.S. 52-10.1." *Greene v. Greene*, 77 N.C. App. 821, 823, 336 S.E.2d 430, 432 (1985). Thus, a modification of a separation agreement, to be valid, must be in writing and acknowledged, in accordance with the statute.

Here, the initial separation agreement clearly and expressly provided for defendant to pay alimony to plaintiff "until [she] remarries." The later dissolution agreement contains no specific mention either of alimony or of statutory provisions regarding alimony. The only statute mentioned in the dissolution agreement is Tenn. Code Ann. § 36-4-103, which simply sets forth the procedure for obtaining a divorce on grounds of irreconcilable differences and does not govern awards of alimony. In addition, the dissolution agreement purports to govern only "the matters embraced therein." Thus, the face of the dissolution agreement does not sup-

port the conclusion that it is "clear that it is a total and complete resolution of all the claims between the parties including alimony." Therefore, pursuant to *Napier*, the dissolution agreement does not operate to waive alimony.

Although the findings are not entirely clear, the court appears to have relied on testimony from defendant about conversations with plaintiff in which he contended that plaintiff agreed to a modified alimony arrangement, under which he would gradually reduce and then cease alimony payments. Defendant also submitted as exhibits checks he alleged supported his testimony. Because separation agreements cannot be orally modified, the testimony of conversations between plaintiff and defendant, even if corroborated, could not constitute a valid modification of their earlier agreement.

Because the alimony provision of the July 1999 separation agreement was never modified expressly and in writing, those provisions remain in effect and are enforceable by plaintiff. The order denying plaintiff any relief is reversed and remanded for further proceedings, consistent with this opinion.

Reversed and remanded.

Judges TYSON and STEELMAN concur.