BERGER, Judge.
 

 *824
 
 Kristy Humphrey Johnson ("Defendant") appeals from an order entered on December 14, 2016 denying her motion to set aside a separation agreement executed by the parties on May 19, 2015. Defendant argues the trial court erred because the separation agreement (1) lacks consideration, (2) is void as a matter of public policy, and (3) is procedurally and substantively unconscionable. Defendant further argues her marital relationship with Ernie Franklin Johnson ("Plaintiff") was reconciled, thereby voiding the separation agreement. We disagree and affirm the trial court.
 

 Factual and Procedural Background
 

 Plaintiff and Defendant were married on October 16, 1999, and two minor children were born of the marriage. Defendant was convicted of larceny in 2014, and was subject to supervised probation during the last year of the marriage. In January 2015, Plaintiff engaged an attorney to begin drawing up a separation agreement due to familial problems over the Christmas holiday. Plaintiff and Defendant began discussing separation due to Defendant's criminal activity and drug addiction, resulting in the execution of the Separation Agreement on May 19, 2015. Defendant moved out of the marital residence on that day.
 

 *825
 
 In June 2015, Plaintiff allowed Defendant to return to the marital residence under the condition that she not expose the family to drug use or other illegal activity. Defendant lived in the marital residence from June 2015 until August 14, 2016. Upon learning of Defendant's arrest for felonious hit and run on August 14, 2016, Plaintiff changed the locks on the residence. Defendant was incarcerated for one week, and on August 20, 2016, attempted to return to the residence, but was denied entry. Defendant moved to a motel in Statesville where she was employed at the time.
 

 On August 26, 2016, Plaintiff filed a complaint for child custody and child support, and a motion for immediate temporary custody of the minor children. The trial court entered an
 
 ex parte
 
 order granting Plaintiff temporary custody until September 6, 2016. On September 12, 2016, the trial court entered
 
 *470
 
 an order granting both Plaintiff and Defendant shared custody of the minor children. Both parties were ordered to complete a Partners in Parenting Education class.
 

 On September 7 and 14, 2016, Defendant filed an answer and counterclaims and an amended answer and counterclaims, respectively, for child custody, child support, post-separation support and alimony, equitable distribution, and attorney's fees. Defendant also filed a motion to set aside the Separation Agreement. On September 12, 2016, the trial court held a hearing on Defendant's motion. On December 14, 2016, the trial court entered an order denying Defendant's motion to set aside the Separation Agreement, finding that the Separation Agreement was enforceable, and that Defendant had not proven by a preponderance of the evidence that the parties had reconciled. From this order, Defendant timely appeals.
 

 Analysis
 

 Defendant argues that the trial court erred in (1) finding the Separation Agreement was supported by consideration; (2) finding that Plaintiff and Defendant did not reconcile; and (3) finding that the Separation Agreement is enforceable because it is not procedurally and substantively unconscionable. We disagree.
 

 I.
 
 Jurisdiction
 

 Initially, we must consider if this Court has jurisdiction to hear Defendant's appeal. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 

 *826
 

 Kanellos v. Kanellos
 
 , --- N.C. App. ----, ----,
 
 795 S.E.2d 225
 
 , 228 (2016) (citation and quotation marks omitted). "Generally, there is no right to appeal from an interlocutory order."
 

 Id.
 

 (citation and quotation marks omitted). Here, the appealed order did not resolve all issues of this case and is interlocutory. Defendant had pending claims of child custody, child support, post-separation support, alimony, equitable distribution, and attorney's fees. The trial court had not made a final determination of all rights of all parties in this action.
 

 "An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding ...."
 
 N.C. Gen. Stat. § 1-277
 
 (a) (2017) ;
 
 see also
 

 Waters v. Personnel, Inc.
 
 ,
 
 294 N.C. 200
 
 , 207,
 
 240 S.E.2d 338
 
 , 343 (1978). A two-part test has evolved to evaluate whether a substantial right is implicated: "(1) the right itself must be substantial, and (2) the enforcement of the substantial right must be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order."
 
 Beroth Oil Co. v. NC Dept. of Transp.
 
 , --- N.C. App. ----, ----,
 
 808 S.E.2d 488
 
 , 496 (2017) (citation and quotation marks omitted).
 

 In the case
 
 sub judice
 
 , Defendant appeals from an order denying Defendant's motion to set aside the Separation Agreement in an action for child custody, child support, post-separation support and alimony, equitable distribution, and attorney's fees. Certainly, Defendant's interests in custody, division of marital property acquired over sixteen years, and spousal support are substantial rights.
 
 See
 

 Case v. Case
 
 ,
 
 73 N.C. App. 76
 
 , 78-79,
 
 325 S.E.2d 661
 
 , 663,
 
 disc. rev. denied
 
 ,
 
 313 N.C. 597
 
 ,
 
 330 S.E.2d 606
 
 (1985) (holding that a summary judgment order validating a separation agreement affected equitable distribution as a substantial right and thus was proper for interlocutory review). The trial court's determination of the validity and enforceability of the Separation Agreement directly impacts those rights in this action as Defendant stands to gain or lose rights associated with the Separation Agreement. The trial court's order affected Defendant's substantial rights, and this Court has jurisdiction to consider Defendant's appeal.
 

 II.
 
 Separation Agreement
 

 "In reviewing a trial judge's findings of fact, we are strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal ...."
 

 *471
 

 Reeder v. Carter
 
 ,
 
 226 N.C. App. 270
 
 , 274,
 
 740 S.E.2d 913
 
 , 917 (2013) (citation and internal quotation marks omitted).
 

 *827
 
 "Findings of fact made by the trial judge are conclusive on appeal if supported by competent evidence, even if there is evidence to the contrary."
 
 Sisk v. Transylvania Cmty. Hosp., Inc.
 
 ,
 
 364 N.C. 172
 
 , 179,
 
 695 S.E.2d 429
 
 , 434 (citation, quotation marks, brackets, and ellipses omitted),
 
 rehearing denied
 
 ,
 
 364 N.C. 442
 
 ,
 
 702 S.E.2d 65
 
 (2010).
 

 A.
 
 Consideration
 

 Defendant contends the Separation Agreement is void for lack of consideration because both parties did not receive a valuable bargained-for exchange at the execution of their Separation Agreement on May 19, 2015. We disagree.
 

 Any married couple is hereby authorized to execute a separation agreement not inconsistent with public policy which shall be legal, valid, and binding in all respects; provided, that the separation agreement must be in writing and acknowledged by both parties before a certifying officer as defined in G.S. 52-10(b).
 

 N.C. Gen. Stat. § 52-10.1
 
 (2017). "[A] separation agreement is void and unenforceable unless it was executed in the manner and form required by N.C.G.S. § 52-10.1."
 
 Raymond v. Raymond
 
 , --- N.C. App. ----, ----,
 
 811 S.E.2d 168
 
 , 174 (2018) (citation, internal quotation marks, and brackets omitted). "A separation agreement is a contract," and must be supported by consideration.
 

 Id.
 

 ;
 
 see
 

 Harris v. Harris
 
 ,
 
 50 N.C. App. 305
 
 , 314,
 
 274 S.E.2d 489
 
 , 494,
 
 appeal dismissed
 
 ,
 
 302 N.C. 397
 
 ,
 
 279 S.E.2d 351
 
 (1981). Generally, separation agreements establish consideration through the material terms of the mutual promises entered into between the parties.
 
 McDowell v. McDowell
 
 ,
 
 61 N.C. App. 700
 
 , 704-05,
 
 301 S.E.2d 729
 
 , 731 (1983) ; 3 Suzanne Reynolds,
 
 Lee's North Carolina Family Law
 
 § 14.8 (5th rev. ed. 2002).
 

 In the case
 
 sub judice
 
 , the parties entered into a Separation Agreement on May 19, 2015, in which both parties acknowledged there was sufficient consideration at the time of its execution. The contract included a provision defining consideration as "the promises, undertakings and agreements herein contained, as well as other good and valuable consideration, the receipt of which is hereby acknowledged." The Separation Agreement established benefits and rights for both Plaintiff and Defendant, including language giving Defendant rights to child custody and visitation for both minor children, property settlement and distribution, and insurance policy benefits. The Separation Agreement is not void due to a lack of consideration because both parties received
 
 *828
 
 items of value and benefits accorded to them through the execution of the contract.
 

 B.
 
 Separation
 

 Defendant next contends the trial court erred by finding the parties separated at the time of the signing of the Separation Agreement, thereby rendering the Separation Agreement void. We disagree.
 

 A separation agreement is valid if it is "executed while the parties are separated or are planning to separate immediately."
 
 Napier v. Napier
 
 ,
 
 135 N.C. App. 364
 
 , 367,
 
 520 S.E.2d 312
 
 , 314 (1999) (citation and internal quotation marks omitted),
 
 disc. review denied
 
 ,
 
 351 N.C. 358
 
 ,
 
 543 S.E.2d 132
 
 (2000). "[S]eparation agreements entered into while the parties are still living together but
 
 planning to separate
 
 may be valid."
 
 Newland v. Newland
 
 ,
 
 129 N.C. App. 418
 
 , 420,
 
 498 S.E.2d 855
 
 , 857 (1998) (citation, internal quotation marks, and ellipses omitted). "The heart of a separation agreement is the parties' intention and agreement to live separate and apart forever[.]"
 
 Williams v. Williams
 
 ,
 
 120 N.C. App. 707
 
 , 710,
 
 463 S.E.2d 815
 
 , 818 (1995) (citation, quotation marks, brackets, and ellipses omitted),
 
 aff'd per curiam
 
 ,
 
 343 N.C. 299
 
 ,
 
 469 S.E.2d 553
 
 (1996).
 

 Here, Plaintiff and Defendant separated on May 19, 2015 when the Separation Agreement was executed. The trial court heard evidence that tended to show Defendant moved out of the marital residence immediately after the execution of the Separation Agreement with no intention of returning. The trial court found Defendant moved out for at least "several weeks," but also recognized that "no other testimony by
 
 *472
 
 any other witness ... substantiate[d] either the Plaintiff's or Defendant's claims."
 

 Despite Defendant's testimony that she never left the marital residence, it is the "trial judge [that] passes upon the credibility of the witnesses and the weight to be given their testimony and the reasonable inferences to be drawn therefrom."
 
 Phelps v. Phelps
 
 ,
 
 337 N.C. 344
 
 , 357,
 
 446 S.E.2d 17
 
 , 25 (citation and internal quotation marks omitted),
 
 rehearing denied
 
 ,
 
 337 N.C. 807
 
 ,
 
 449 S.E.2d 750
 
 (1994). "[W]e cannot reweigh the evidence and credibility of the witnesses."
 
 Romulus v. Romulus
 
 ,
 
 215 N.C. App. 495
 
 , 502,
 
 715 S.E.2d 308
 
 , 314 (2011). The trial court's finding that the parties separated on May 19, 2015 is supported by competent evidence.
 

 C.
 
 Reconciliation
 

 Defendant next contends that if this Court holds the parties separated on May 19, 2015, the parties subsequently reconciled upon Plaintiff moving back into the marital residence a few weeks thereafter. We disagree.
 

 *829
 
 Section 52-10.2 sets the standard of reconciliation between separated spouses: " 'Resumption of marital relations' shall be defined as voluntary renewal of the husband and wife relationship, as shown by
 
 the totality of the circumstances
 
 . Isolated incidents of sexual intercourse between the parties shall not constitute resumption of marital relations."
 
 N.C. Gen. Stat. § 52-10.2
 
 (2017) (emphasis added). "There are two lines of cases regarding the resumption of marital relations: those which present the question of whether the parties hold themselves out as man and wife as a matter of law, and those involving conflicting evidence ...."
 
 Schultz v. Schultz
 
 ,
 
 107 N.C. App. 366
 
 , 369,
 
 420 S.E.2d 186
 
 , 188 (1992),
 
 disc. review denied
 
 ,
 
 333 N.C. 347
 
 ,
 
 426 S.E.2d 710
 
 (1993). If there is conflicting evidence as to whether reconciliation occurred, "the issue of the parties' mutual intent is an essential element in deciding whether the parties were reconciled and resumed cohabitation."
 
 Hand v. Hand
 
 ,
 
 46 N.C. App. 82
 
 , 87,
 
 264 S.E.2d 597
 
 , 599,
 
 disc. review denied
 
 ,
 
 300 N.C. 556
 
 ,
 
 270 S.E.2d 107
 
 (1980) (citation, quotation marks, and brackets omitted).
 

 Here, the trial court made findings of fact that Defendant lived in the marital home at some point in June 2015 until her subsequent arrest and incarceration on or about August 14, 2016. The specific instances of possible reconciliation were found to be unreliable by the trial court, and are specifically addressed in Finding of Fact #7 in the order on appeal:
 

 Both parties testified that the Defendant moved out of the marital residence for several weeks. The Defendant claims that she moved back in and resumed the marital relationship, including sexual relations. The Plaintiff testified that the last time the Parties had sexual intercourse was in February of 2015, prior to the separation. The Plaintiff allowed the Defendant to live in the marital home at the urging of family members, because the Defendant had no place to live and was struggling to support herself after losing her job at the Department of Social Services. The Defendant, at that time, had a number of criminal charges related to her addiction issues. While the Defendant alleges that she and the Plaintiff shared a bedroom, the Plaintiff testified that they did not share a bedroom, and that the Defendant shared a bedroom with one of their daughters. The Plaintiff did agree that the Defendant went on a family vacation with the Plaintiff and the children, but the Defendant shared a room with the girls. There was no other testimony by any other witness to substantiate either Plaintiff's or Defendant's claims; and, as the
 
 *830
 
 Defendant has the burden of proof, the Court cannot find there was a reconciliation.
 

 Although there was evidence to the contrary, the competent evidence supports the trial court's finding that the parties did not reconcile after Defendant moved back into the marital residence.
 
 See
 

 Sisk
 
 , 364 N.C. at 179,
 
 695 S.E.2d at 434
 
 . Plaintiff testified:
 

 My family and I had discussions that she really had no place to go, nothing-no family. I talked to her dad, her dad wouldn't allow her in her home-or in their home. It ended up where we offered-stay here, we're not reconciling. There will be
 
 *473
 
 no marriage. We'll help, but no drugs, no trouble, no money, no money loss, it can't continue.
 

 It is not this Court's role to "reweigh the evidence and credibility of the witnesses."
 
 Romulus
 
 ,
 
 215 N.C. App. at 502
 
 ,
 
 715 S.E.2d at 314
 
 . "The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine
 
 de novo
 
 the weight and credibility to be given to evidence disclosed by the record on appeal."
 
 Phelps
 
 , 337 N.C. at 357,
 
 446 S.E.2d at 25
 
 (citations and quotation marks omitted). The trial court's findings that the parties did not reconcile is supported by competent evidence and is conclusive on appeal.
 
 See
 

 Sisk
 
 , 364 N.C. at 179,
 
 695 S.E.2d at 434
 
 . Accordingly, we hold the trial court did not err in determining Plaintiff and Defendant did not reconcile because the trial court's findings of fact are supported by competent evidence, despite some evidence to the contrary.
 

 Because we hold the parties did not reconcile, we do not reach Defendant's argument that the reconciliation clause in the Separation Agreement is void under public policy. For the clause to be implemented, reconciliation would have had to occur. Therefore, this issue is dismissed.
 

 D.
 
 Unconscionability
 

 Defendant next contends the Separation Agreement is unenforceable as a whole because (1) it is procedurally unconscionable since Defendant signed the Separation Agreement under duress and without legal representation; and (2) it is substantively unconscionable because Plaintiff received too much of the marital property and Defendant waived her rights of post-separation support and alimony. We disagree.
 

 "Unconscionability is an affirmative defense, and the party asserting it bears the burden of establishing it."
 

 *831
 

 Rite Color Chemical Co. v. Velvet Textile Co.
 
 ,
 
 105 N.C. App. 14
 
 , 20,
 
 411 S.E.2d 645
 
 , 649 (1992) (citation omitted). "The question of unconscionability must be determined as of the time the contract was executed, N.C.G.S. § 52B-7(a)(2), and after any issues of fact are resolved, presents a question of law for the court."
 
 King v. King
 
 ,
 
 114 N.C. App. 454
 
 , 458,
 
 442 S.E.2d 154
 
 , 157 (1994) (citation omitted).
 

 "Separation and/or property settlement agreements are contracts and as such are subject to recission on the grounds of (1) lack of mental capacity, (2) mistake, (3) fraud, (4) duress, or (5) undue influence."
 
 Sidden v. Mailman
 
 ,
 
 137 N.C. App. 669
 
 , 675,
 
 529 S.E.2d 266
 
 , 270 (2000) (citation omitted). "Furthermore, these contracts are not enforceable if their terms are unconscionable."
 

 Id.
 

 (citations omitted). "Procedural unconscionability involves bargaining naughtiness in the formation of the contract, i.e., fraud, coercion, undue influence, misrepresentation, inadequate disclosure[,] [while] [s]ubstantive unconscionability involves the harsh, oppressive, and one-sided terms of a contract, i.e. inequality of the bargain."
 
 King
 
 ,
 
 114 N.C. App. at 458
 
 ,
 
 442 S.E.2d at 157
 
 (citations, internal quotation marks, and ellipses omitted).
 

 The trial court made a finding addressing the execution of the Separation Agreement between the parties. Unchallenged Finding of Fact #5 states:
 

 That both Parties testified that they had been discussing separation for several weeks prior to the separation agreement preparation. The Plaintiff wanted to separate because of the Defendant's addiction to pain medication, and her resulting criminal activity due to her addiction. The Defendant admitted that she has been addicted to opiates, but that she had begun suboxone treatments prior to the preparation of the separation agreement. The
 
 Defendant insisted that she was not under the influence of pain medication when she signed the agreement and that she understood what she was signing.
 

 (Emphasis added). "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal."
 
 Koufman v. Koufman
 
 ,
 
 330 N.C. 93
 
 , 97,
 
 408 S.E.2d 729
 
 , 731 (1991) (citations omitted). Because Defendant does not challenge Finding of Fact #5, we accept that she understood what the Separation Agreement terms meant and included.
 

 *474
 
 Defendant argues procedural unconscionability because of her lack of legal representation. Defendant's lack of legal representation does not impute a lack of capacity amounting to procedural unconscionability.
 

 *832
 

 See
 

 Weaver v. St. Joseph of the Pines, Inc.
 
 ,
 
 187 N.C. App. 198
 
 , 213,
 
 652 S.E.2d 701
 
 , 712 (2007). "[T]he law will not relieve one who can read and write from liability upon a written contract, upon the ground that he did not understand the purport of the writing, or that he has made an improvident contract, when he could inform himself and has not done so."
 
 Leonard v. Power Co.
 
 ,
 
 155 N.C. 10
 
 , 14,
 
 70 S.E. 1061
 
 , 1063 (1911). Both parties testified that Plaintiff offered to pay for Defendant's legal representation while separating if she so chose, but Defendant declined. Defendant's failure to engage legal representation does not afford her a remedy under the theory of procedural unconscionability. Accordingly, we find no error.
 

 Defendant contends that she was under duress at the time of signing and that Plaintiff failed to adequately disclose assets and financial holdings to her at the execution of the Separation Agreement. Defendant alleges Plaintiff did not accurately represent his assets in his personal businesses, retirement accounts, and personal income.
 

 "Duress exists where one, by the
 
 unlawful
 
 act of another, is induced to make a contract or perform or forego some act under circumstances which deprive him of the exercise of free will."
 
 Stegall v. Stegall
 
 ,
 
 100 N.C. App. 398
 
 , 401,
 
 397 S.E.2d 306
 
 , 307 (1990) (citation and quotation marks omitted),
 
 disc. review denied
 
 ,
 
 328 N.C. 274
 
 ,
 
 400 S.E.2d 461
 
 (1991) ;
 
 Duress
 
 ,
 
 Black's Law Dictionary
 
 (8th ed. 2004) ("[D]uress is considered a species of fraud in which compulsion takes the place of deceit in causing injury.").
 

 "A duty to disclose arises ... [when] a fiduciary relationship exists between the parties to the transaction."
 
 Harton v. Harton
 
 ,
 
 81 N.C. App. 295
 
 , 297,
 
 344 S.E.2d 117
 
 , 119,
 
 disc. review denied
 
 ,
 
 317 N.C. 703
 
 ,
 
 347 S.E.2d 41
 
 (1986). "The relationship of husband and wife creates such a duty."
 

 Id.
 

 (citation omitted). However, "[t]ermination of the fiduciary relationship is firmly established when one or both of the parties is represented by counsel."
 

 Id.
 

 (citations omitted).
 

 The trial court found that Defendant signed the Separation Agreement after reviewing it at Plaintiff's attorney's office. The trial court heard competent evidence that Defendant read the agreement, declined Plaintiff's offer to pay for an attorney to represent her, and that she knew what the Separation Agreement contained and put in effect. Through Plaintiff's testimony, and corroboration by Defendant's own admission, the parties had been in separation negotiations for weeks prior to the execution of the Separation Agreement.
 

 *833
 
 The trial court made the conclusion of law that Defendant "failed to show by the preponderance of the evidence, that ... the separation agreement was signed as a result of coercion, duress or undue influence or inadequate disclosure; or that the terms of the separation agreement are unconscionable." We hold that the trial court's conclusion of law is supported findings of fact that are supported by competent evidence. For the reasons stated above, we hold there was no procedural unconscionability, including lack of capacity, duress, or inadequate disclosure, present at the execution of the Separation Agreement.
 

 Defendant next contends the Separation Agreement was substantively unconscionable because it contains "harsh, one-sided, and oppressive terms." We disagree.
 

 For a contract to be substantively unconscionable, the "inequality of the bargain ... must be so manifest as to shock the judgment of a person of common sense, and the terms so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other."
 
 King
 
 ,
 
 114 N.C. App. at 458
 
 ,
 
 442 S.E.2d at 157
 
 (citation, quotation marks, and ellipses omitted). "[T]here is no requirement for the trial court to make an independent determination regarding the fairness of the substantive terms of the agreement, so long as the circumstances of execution were fair."
 

 Id.
 

 (citation and quotation marks omitted).
 

 *475
 
 The trial court made the following finding of fact:
 

 That the [c]ourt finds that while the separation agreement gives a vast majority of the marital assets to the Plaintiff, the Defendant did receive certain benefits, such as health insurance and remained beneficiary of the Plaintiff's life insurance. The Plaintiff also agreed that the Defendant could have any of the personal property that she wanted. The Defendant testified that she received virtually no personal property. However, the Defendant was arrested on August 14, 2016 after being involved in a Felonious Hit and Run, and stayed in jail for a week before making bond. The Plaintiff changed the locks to the residence after her arrest and did not allow the Defendant to return. The Plaintiff has offered to bring the Defendant any property she wants, but says that she will not indicate what property she wants.
 

 The trial court heard evidence that Defendant willingly and voluntarily signed the Separation Agreement. Defendant received visitation
 
 *834
 
 rights to the minor children, beneficiary status from Plaintiff's life insurance policy, health insurance, and any personal property from the marital residence. The trial court's findings were supported by competent evidence and it is not this Court's role to reweigh the value of the contract's substantive terms. Accordingly, we hold that the Separation Agreement was not substantively unconscionable.
 

 Conclusion
 

 The Separation Agreement was not void for lack of consideration, as both parties received items of value upon its execution. The trial court's findings of fact are supported by competent evidence that the parties did separate after the execution of the Separation Agreement. There is not sufficient evidence on appeal to find the trial court erred in finding the parties did not reconcile. Defendant has not put forth evidence that tends to show she did not understand the material terms of the Separation Agreement or that she was forced into signing it without legal representation or under duress. For the foregoing reasons, we hold that the Separation Agreement signed by Plaintiff and Defendant was not substantively unconscionable.
 

 AFFIRMED.
 

 Judges DAVIS and ZACHARY concur.