IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1151

Filed: 20 October 2020

Wake County, No. 18 CVD 10869

BRADLEY E. PARKER, Plaintiff,

v.

EMMA GRACE PFEFFER, Defendant.

Appeal by plaintiff from judgment entered 7 August 2019 by Judge Christine M. Walczyk in Wake County District Court. Heard in the Court of Appeals 26 August 2020.

*Williams Mullen, by Michael C. Lord, for plaintiff-appellant.*

*Teague Rotenstreich Stanaland Fox & Holt PLLC, by Camilla F. DeBoard and Kara V. Bordman, for defendant-appellee.*

BERGER, Judge.

On August 7, 2019, the trial court granted Emma Grace Pfeffer's ("Defendant") motion to dismiss for lack of personal jurisdiction. Bradley E. Parker ("Plaintiff") appeals, arguing the trial court erred when it (1) failed to address Defendant's Rule 12(b)(4) and 12(b)(5) motions before issuing its order on Defendant's Rule 12(b)(2) motion; (2) determined that it lacked personal jurisdiction over Defendant; and (3) concluded that it did not maintain personal jurisdiction over Defendant when Defendant's contacts with North Carolina were continuous and systematic. We disagree.

Factual and Procedural Background

On April 19, 2018, Plaintiff and Defendant were in a two-car accident in Austin, Texas. In September 2018, Plaintiff filed an action for negligence in Wake County District Court, and Defendant filed a motion in lieu of answer seeking dismissal under North Carolina Rules of Civil Procedure 12(b)(2), (4), (5), and (6). On October 31, 2018, Defendant filed an amended motion in lieu of answer and an affidavit executed by Defendant. The affidavit asserted that Defendant is a citizen of the State of Texas, and did not operate a business, possess property, maintain financial accounts, or regularly visit North Carolina.

On January 8, 2019, the trial court denied Defendant's motion in lieu of answer "because, absent any service of process, the [trial court did] not have subject matter jurisdiction[,]" but "[o]nce the Complaint is served, Defendant [was] not barred from asserting any Rule 12 defense she may have." On February 22, 2019, Plaintiff filed an unverified amended complaint accompanied by a certificate and affidavit of service. Defendant responded with a second motion in lieu of answer and an appended affidavit contesting personal jurisdiction.

On July 18, 2019, this matter came on for hearing. In granting Defendant's 12(b)(2) motion, the trial court made the following undisputed findings of fact:

> 1. On or about April 19, 2018, Defendant and Plaintiff were involved in a motor vehicle accident (the "Accident") that occurred at the intersection of East 7th Street and

North Interstate 35 Frontage Road located in Austin, Travis County, Texas.

2.      Plaintiff resides in North Carolina.

3.      Defendant resides in Texas.

4.      Defendant does not operate any business or conduct any business in the State of North Carolina.

5.      Defendant founded a charity that performs annual bike rides. Defendant solicits donations for this charity online and through social media. Residents of North Carolina are not excluded from these solicitations.

6.      Defendant does not maintain any financial accounts including bank accounts in the State of North Carolina.

7.      Defendant does not own or lease any real property in the State of North Carolina.

8.      Defendant visited the state of North Carolina on six occasions prior to the accident on April 19, 2018, that is the basis for the allegations in the Complaint. Her only intention to return to the state of North Carolina is for her brother's wedding in October of 2019.

9.      Defendant has no current intention to engage in business in North Carolina, drive through the state of North Carolina, or use the roads of North Carolina other than for her vacation in October of 2019 for her brother's wedding.

10.     Defendant has not shipped anything to Plaintiff in North Carolina.

11.     Defendant exchanged twelve (12) text messages with Plaintiff between May 1, 2018 and June 29, 2018 and she spoke to him once on the telephone after Plaintiff returned to North Carolina.  Plaintiff initiated the text

message conversation and the content of the messages concerned the accident.

Based upon these findings of fact, the trial court concluded:

1. The Court relies on the two affidavits of Defendant and pleadings contained in the Court file in support of its decision below;

2. Plaintiff filed a Complaint on or about September 4, 2018, requesting compensatory damages arising out of a motor vehicle accident that occurred on or about April 19, 2018 in Austin, Harris County, Texas, and Plaintiff filed an amended complaint on February 22, 2019;

3. Defendant first filed a motion to dismiss pursuant to Rule 12(b)(2), (4), (5) and (6) of the North Carolina Rules of Civil Procedure that was denied without prejudice by the Honorable Michael Denning, to be refiled after service of the Complaint;

4. The contacts Defendant has had with the state of North Carolina are not such contacts Defendant would expect to be brought into court and subject to jurisdiction in North Carolina;

5. The accident upon which the Complaint is based has no connection to the limited prior or single planned future visitation of Defendant to the state of North Carolina;

6. The use of social media by the Defendant not specifically targeted at the state of North Carolina is not enough to establish jurisdiction or minimum contact[s] in North Carolina;

7. In review of the service in the Court file, the affidavit of service appears to have [been] properly served by Federal Express the Complaint;

8.      In review of the Court file and service, the motion to dismiss for personal jurisdiction is ripe and ready for determination by the Court; and

9.      The Plaintiff has not established general or specific jurisdiction over the Defendant with regard to those matters alleged in the Complaint and this Action.

The trial court denied Defendant's Rule 12(b)(4) and 12(b)(5) motions to dismiss and granted Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  On September 3, 2019, Plaintiff entered written notice of appeal.  While this appeal was pending, Plaintiff filed a complaint in Travis County (Texas) District Court.

## Standard of Review

"When this Court reviews a decision as to personal jurisdiction, it considers only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." *Banc of America Securities LLC v. Evergreen Intern. Aviation, Inc.*, 169 N.C. App. 690, 694, 611 S.E.2d 179, 183 (2005) (citation and quotation marks omitted).  "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *City of Asheville v. Aly*, 233 N.C. App. 620, 625, 757 S.E.2d 494, 499 (2014) (citation omitted).

## Analysis

The trial court's order dismissing this action is a final judgment, and appeal therefore lies to this Court pursuant to N.C. Gen. Stat. § 7A-27(b).

I. <u>Service of Process</u>

Plaintiff first argues that the trial court erred by failing to address Defendant's Rule 12(b)(4) and 12(b)(5) motions before issuing its order on Defendant's Rule 12(b)(2) motion. Because of personal jurisdiction's fundamental nature, our courts are not prohibited from reviewing a Rule 12(b)(2) motion prior to review of a Rule 12(b)(4) or 12(b)(5) motion, and Plaintiff's argument is without merit. *See Love v. Moore*, 305 N.C. 575, 579-80, 291 S.E.2d 141, 145 (1982) (holding that the court may consider Rule 12(b)(2) motions prior to Rule 12(b)(4) and 12(b)(5) motions); *see also Prof'l Vending Servs., Inc. v. Michael D. Sifen, Inc.*, No. COA08-1383, 2009 WL 2370683, at *5 (N.C. Ct. App. Aug. 4, 2009) (unpublished) ("Although some issues concerning the adequacy of service on certain of the [d]efendants are discussed in [d]efendants' brief, we do not believe that it is necessary for us to decide those service-related issues given our resolution of the fundamental personal jurisdiction issue[.]").

Regardless, conclusions of law 7 and 8 contain mixed findings of fact and conclusions of law. "The labels 'findings of fact' and 'conclusions of law' employed by the trial court in a written order do not determine the nature of our review." *Westmoreland v. High Point Healthcare Inc.*, 218 N.C. App. 76, 79, 721 S.E.2d 712, 716 (2012) (citation omitted). Specifically, "[w]hen this Court determines that findings of fact and conclusions of law have been mislabeled by the trial court, we may reclassify them, where necessary, before applying our standard of review." *Cox*

*v. Cox*, 238 N.C. App. 22, 31, 768 S.E.2d 308, 314 (2014). "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Johnson v. Johnson*, 259 N.C. App. 823, 831, 817 S.E.2d 466, 473 (2018) (citation and quotation marks omitted). Because Plaintiff does not specifically challenge conclusion of law 7 – "the affidavit of service appears to have [been] properly served by Federal Express the Complaint" and conclusion of law 8 – "the motion to dismiss for personal jurisdiction is ripe and ready for determination by the Court[,]" these mislabeled findings are binding on our Court. *See id*. at 831, 817 S.E.2d at 473 (concluding that the trial court's finding of fact was binding on appeal because it was uncontested). Therefore, Plaintiff sufficiently served Defendant to effectuate review of personal jurisdiction under N.C. Gen. Stat. § 1-75.4(1).

II. Personal Jurisdiction

When a defendant challenges personal jurisdiction pursuant to Rule 12(b)(2),

> a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits. . . . Of course, this procedure does not alleviate the plaintiff's ultimate burden of proving personal jurisdiction at an evidentiary hearing or at trial by a preponderance of the evidence.

*Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217 (2000) (citation omitted). When "the trial court chooses to decide the motion based on affidavits, the trial judge must determine the weight and sufficiency of the

evidence presented in the affidavits much as a juror." *Banc of Am. Sec.*, 169 N.C. App. at 694, 611 S.E.2d at 183 (*purgandum*). It is not for this Court to "reweigh the evidence presented to the trial court." *Don't Do it Empire, LLC v. Tenntex*, 246 N.C. App. 46, 57, 782 S.E.2d 903, 910 (2016).

When addressing the issue of personal jurisdiction on appeal, this Court "employs a two-step analysis." *Skinner v. Preferred Credit*, 361 N.C. 114, 119, 638 S.E.2d 203, 208 (2006). "First, jurisdiction over the action must be authorized by N.C.G.S. § 1-75.4, our state's long-arm statute." *Id.* at 119, 638 S.E.2d at 208 (citation omitted). "Second, if the long-arm statute permits consideration of the action, exercise of jurisdiction must not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Id.* at 119, 638 S.E.2d at 208.

A.     Long-arm statute

"[N.C. Gen. Stat. §] 1-75.4 is commonly referred to as the 'long-arm' statute." *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). Specifically, N.C. Gen. Stat. § 1-75.4 permits North Carolina courts to exercise personal jurisdiction when,

> the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:
>
> a.     Is a natural person present within this State; or
> b.     Is a natural person domiciled within this State; or

    c.    Is a domestic corporation; or

    d.    Is engaged in substantial activity within this State, whether such activity is wholly interstate, intrastate, or otherwise.

N.C. Gen. Stat. § 1-75.4(1) (2019). "[B]y its plain language[, N.C. Gen. Stat. § 1-75.4(1)] requires some sort of 'activity' to be conducted by the defendant within this state." *Skinner*, 361 N.C. at 119, 638 S.E.2d at 208. "The burden is on the plaintiff to establish itself within some ground for the exercise of personal jurisdiction over defendant." *Golds v. Cent. Express, Inc.*, 142 N.C. App. 664, 666, 544 S.E.2d 23, 26 (2001) (*purgandum*).

Here, the trial court reviewed Plaintiff's unverified amended complaint and Defendant's affidavit. Plaintiff alleges in his unverified amended complaint that the "Court has jurisdiction over [Defendant] due to, among other contacts, her communication with [Plaintiff] about the subject matter of this action while he was physically located in the State of North Carolina, and her visits to the State of North Carolina (including the most recent visit in 2017)." Plaintiff argues that "[t]he facts presented by the vehicular accident here fall within the circumstances outlined in . . . N.C. Gen. Stat. § 1-75.4(1)d." However, Plaintiff fails to specifically establish under N.C. Gen. Stat. § 1-75.4(1)(d), that Defendant "engaged in substantial activity within [North Carolina.]" N.C. Gen. Stat. § 1-75.4(1)(d).

Rather, Plaintiff alleged that North Carolina has jurisdiction over Defendant because she communicated with Plaintiff while he was in North Carolina. However,

the trial court found that "Defendant exchanged twelve (12) text messages with Plaintiff between May 1, 2018 and June 29, 2018 and she spoke to him once on the telephone after Plaintiff returned to North Carolina. Plaintiff initiated the text message conversation and the content of the messages concerned the accident." These communications were limited to discussion about repair estimates and insurance claims which served to facilitate a potential out of court settlement without resorting to litigation.

The trial court's unchallenged findings of fact are binding on this Court. *See Wyatt v. Walt Disney World Co.*, 151 N.C. App. 158, 163, 565 S.E.2d 705, 709 (2002) ("[I]f the trial court's findings of fact resolving the defendant's jurisdictional challenge are not assigned as error, the court's findings are presumed to be correct" (citation and quotation marks omitted)). Therefore, Plaintiff has failed to demonstrate that Defendant's mere correspondence satisfies the "substantial activity" requirement of N.C. Gen. Stat. § 1-75(1)(d). *See Miller v. Szilagyi*, 221 N.C. App. 79, 92, 726 S.E.2d 873, 883 (2012) (finding no personal jurisdiction where defendant "made more than 100 telephone calls to [p]laintiff in North Carolina and that approximately 40 telephone calls and 25 emails were related to" the cause of action).

In addition, the trial court found and the record reveals that "Defendant visited the state of North Carolina on six occasions prior to the accident on April 19, 2018, that is the basis for the allegations in the Complaint[, and h]er only intention to

return to the state of North Carolina is for her brother's wedding in October of 2019." Specifically, Defendant's second affidavit reveals that the prior six visits relate to family trips, visiting siblings at college, and visiting a friend from summer camp. *See Patrum v. Anderson*, 75 N.C. App. 165, 168, 330 S.E.2d 55, 57 (1985) (concluding there was no statutory basis for personal jurisdiction under N.C. Gen. Stat. § 1-75.4(1)(d) when "[t]he record shows that on six occasions defendant ordered souvenir caps or cars from plaintiff's company in North Carolina, that defendant occasionally came to North Carolina to watch auto races, and that he owned a racing team which entered cars in North Carolina races."). Accordingly, Plaintiff has failed to show that Defendant's few vacations to North Carolina, which have no relation to the traffic accident in Texas, constituted as "substantial activity" to satisfy the purpose of N.C. Gen. Stat. § 1-75.4(1)(d).

Because Plaintiff has failed to meet his burden of proving a statutory basis for personal jurisdiction, we need not conduct a due process inquiry because any "further inquiry will be fruitless." Gray, Wilson G. *North Carolina Civil Procedure* § 85-1. *See also Skinner*, 361 N.C. at 119, 638 S.E.2d at 208-09 (ceasing personal jurisdiction analysis after review of "N.C.G.S. § 1-75.4(1)(d)'s very broad terms, the facts of this case fail to invoke jurisdiction.").

<u>Conclusion</u>

For the foregoing reasons, the trial court did not err when it granted Defendant's Rule 12(b)(2) motion to dismiss.

AFFIRMED.

Judges INMAN and COLLINS concur.